STATE of Indiana, Indiana DEPARTMENT OF REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

MONROE COUNTY STATE BANK, Executor of the Estate of Vivian C. Krause, Appellee (Respondent Below).

No. 1–1078A300.

Court of Appeals of Indiana, First District.

June 26, 1979.

Theo. L. Sendak, Atty. Gen., Charles D. Rodgers, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

Scott E. Fore, Rogers, McDonald & Grodner, William W. Oliver, Bloomington, for respondent-appellee.

ROBERTSON, Judge.

This appeal arises out of a dispute as to whether the exercise in a will of a power of appointment over the corpus of a trust is a taxable transfer for inheritance tax purposes.

The facts are not in dispute. Edward W. Krause died testate. His will contemplated the creation of a trust with the Monroe County State Bank (Bank) as trustee. The trust set up was a typical federal marital deduction trust in which the surviving spouse, Vivian C. Krause (decedent), was given a life estate or the right to the income from the corpus for life. This was coupled with a general power of appointment over the corpus, exercisable at any time, but to be implemented on her death.

The transfer in controversy arises from the death of the decedent. She died testate on October 11, 1976, exercising the power of appointment in her will in favor of her daughter, Sue K. Ellenwood. The value of the corpus of the trust was originally included in the schedule of all her property filed as part of the probate proceedings. The trust property was later deleted in an amended schedule. The trial court entered an order determining the value of the estate and the amount of tax on August 22, 1977, without the trust property included. The State petitioned for a rehearing and redetermination of the trust issue. After rehearing, the court denied the State's petition. This appeal followed.

We affirm the trial court's decision.

*Ind.Code* 6–4.1–2–1(a) states, "[a]n inheritance tax is imposed at the time of a decedent's death on certain property interest transfers made by him." Property interests for resident decedents include real property located in the State, tangible personal property in the State and intangible personal property wherever found. IC 6–4.1–2–2.

The State argues there was a transfer in the exercise of the power of appointment in the decedent's will under IC 6–4.1–2–4(a)(1) and (3) which state:

The inheritance tax applies to the following types of property interest transfers:

(1) Transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death . . .

(3) Transfers which are made in such a manner that they are intended to take effect in possession or enjoyment at or after the transferor's death . . .

■ This court has previously held that Indiana is an "ownership theory" State in regard to inheritance tax. *Matter of Estate of Bannon* (1976) Ind.App., 358 N.E.2d 215. Thus, the prerequisites to taxation are: (1) a transfer from the decedent (2) of an interest in property which the decedent owned at death. *Bannon, supra,* at 217.

■ There is really no question that the exercise of the power here effected a transfer of the type set out in IC 6–4.1–2–4(a)(1) and (3). The question remains, however, as to whether the exercise of a general power to appoint the beneficiary of a remainder, said power effective at appointor's death, coupled with a life estate in the corpus is a sufficient property interest as to indicate ownership for inheritance tax purposes. As the *Bannon* court stated, "[t]he decisive question, then, is *whether the decedent had an interest in the property which passed to the beneficiary upon his death.*" *Bannon, supra,* at 217.

Under this test, the most that the decedent could pass under the power that she actually enjoyed during her life was the right to receive the income from the corpus. The decedent had no property right in the corpus which she could enjoy during her lifetime, although she did have the right to choose the beneficiary of the corpus effective at her death.

■ However, we do not think that even the right to receive the income should be taxed because of the common law principal

that the property that passes by appointment is the property of the donor of the power and does not belong to the donee. *U. S. v. Field* (1921) 255 U.S. 257, 41 S.Ct. 256, 65 L.Ed. 617, 42 AM.JUR.2d § 134 (1969); *INH. EST. AND GIFT TAX REP.* (CCH) § 80,162; 2 L. SIMES & A. SMITH, *LAW OF FUTURE INTERESTS* § 911 (2d Ed. 1956).

■ The Bank presents an even more compelling reason to us for affirming the trial court's decision and that is the fact that the legislature repealed in 1929 a provision in the inheritance tax code which specifically deemed an exercise of a power of appointment a taxable transfer.[1] It is basic statutory construction that the amendment of a statute shows an intent on the part of the legislature to change the law. *Indiana Department of State Revenue, Gross Income Tax Div. v. William A. Pope Co.* (1977) Ind.App., 367 N.E.2d 47, 50. *See also* 73 AM.JUR.2d § 2237 (1974). Coupled with the concept that a court must construe the tax statutes most strictly against the taxing authority, *State Department of Revenue, Inheritance Tax Div. v. Estate of Powell* (1975) Ind.App., 333 N.E.2d 92, we determine that the repeal of a statute specifically including an interest as a taxable event must mean that the legislature intended to exclude the interest as a taxable event—even though as the State points out, the legislature did not take the next step and place the interest in the exemption section.

Affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

1. The provision read:

 Whenever any person or corporation should exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as

though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or derived by such donee by will.

*See* 1913 Acts, Chapter 47, Section 6, 1921 Acts, Chapter 275, Sec. 7. This provision was not in the revision of 1929 Acts, Chapter 65.