In the Matter of the ESTATE OF Lucile MARTINDALE, Deceased, INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

ESTATE OF Lucile C. MARTINDALE, Appellee (Respondent Below).

No. 2–1180A368.

Court of Appeals of Indiana, Second District.

July 22, 1981.

Theodore L. Sendak, Atty. Gen., Wm. Eric Brodt, Alembert W. Brayton, Deputy Attys. Gen., Indianapolis, for appellant.

Bryon P. Hollett, Jerry R. Jenkins, Thomas A. Vogtner, Baker & Daniels, Indianapolis, for appellee.

SHIELDS, Judge.

The Indiana Department of Revenue, Inheritance Tax Division (hereinafter Department) appeals the trial court's denial of the Department's petition to redetermine the amount of inheritance tax due and owing from the estate of Lucile C. Martindale (Lucile).

We affirm.

The facts are not in dispute. Elijah B. Martindale died testate on October 21, 1967. Item VI of his will established a marital trust for the benefit of his wife, Lucile, during her lifetime and invested her with the power to appoint the assets of the trust remaining at her death to such persons, including her estate, as she might direct in

her last will and testament. Under the terms of the trust,[1] the trustee was directed to pay Lucile during her lifetime the entire net income and "such amount or amounts out of the principal of the trust" as Lucile designated.

Lucile died testate on April 30, 1977 and by Item VI of her will partially exercised the testamentary power of appointment in favor of her estate.[2]

On March 1, 1979, the probate court entered its order determining the amount of tax. This order did not tax the trust corpus. The Department filed a petition for redetermination of the inheritance and transfer tax seeking to have that portion of the trust corpus appointed to the estate included in the taxable estate assets. The petition was denied and the appeal followed.

The Department raises the following issues on appeal: (1) whether the trial court erred in failing to set forth in its finding of facts the section of Elijah's will which established the trust; (2) whether a beneficiary of a trust who has a life interest in the income of the trust, coupled with an *inter vivos* general power of appointment over the trust, possesses a property interest in the trust transferable at death; (3) whether the exercise of a testamentary

general power of appointment in favor of the donee's estate constitutes a taxable transfer under the Indiana inheritance tax statutes.

Issue I

■ The Department contends the court erred in failing to set out verbatim in its findings of fact the section of Elijah's will which established the trust. The Department does not provide us, nor can we conceive any reason why the will provision needed to be set forth in full. The will was introduced into evidence and is a part of the record on appeal. Findings of fact are not required on a decision of a motion for summary judgment. Ind.Rules of Procedure, Trial Rule 52(A). We find no error.

Issue II

The Department argues Lucile had an ownership or property interest in the trust by virtue of her right to receive income for life coupled with the lifetime power to consume the trust corpus.[3]

The determination and collection of Indiana inheritance tax are governed entirely by statute. In the absence of a statute specifically imposing a tax, no liability exists in any particular situation. Where doubt exists as to liability for the tax, the

---

1. Item VI provided in pertinent part:
   "The Trustee . . . shall pay over the entire net income in convenient installments not less frequent than annually, to my wife, LUCILE C. MARTINDALE. In addition to the net income so payable to my wife, the Trustee shall, from time to time, pay over to my wife such amount or amounts out of the principal of the trust as my wife from time to time may designate in a writing executed by her and delivered to the Trustee. In the event the Trustee shall receive a direction from my wife to liquidate any part of the property held in the Marital Deduction Trust and to pay over the proceeds thereof, the Trustee shall have a reasonable time in which to liquidate assets sufficient to produce the cash so requested."

2. Item VI of Lucile's will provided:
   "I hereby exercise the testamentary general power of appointment given to me under the terms of the last will and testament of my husband, ELIJAH B. MARTINDALE, now deceased, and I appoint and direct the payment to the Executor of my estate of such portion

   of the property and assets held in the Marital Deduction Trust established under ITEM V of my husband's will as shall be equal to the difference between the federal estate tax assessed against my estate and that which would be assessed if the property in the Marital Deduction Trust had not been included as a part of my gross estate."

3. The Department relies heavily on *Matter of Estate of Newell*, (1980) Ind.App., 408 N.E.2d 552. However, *Newell* does not support its position. *Newell* involves a life beneficiary with unlimited power to request any sums desired, the right to invade and exhaust corpus and the right to change trustees. It was undisputed that a taxable transfer had occurred and that the donor estate had incurred inheritance tax liability. The issue was the valuation of the beneficiary's interest in the testamentary trust and, thus, the amount of the tax due from the donor's estate. In the case before us, the issue is the amount due, if any, from the donee's estate.

statutes must be construed and interpreted in favor of the taxpayer. *Indiana Department of Revenue, Inheritance Tax Division v. Lees,* (1980) Ind.App., 418 N.E.2d 226; *Indiana Department of Revenue, Inheritance Tax Division v. Estate of Weinstein,* (1967) 141 Ind.App. 395, 228 N.E.2d 23, *On Petition for Rehearing,* 141 Ind.App. 399, 229 N.E.2d 741.

Indiana imposes an inheritance tax at the time of decedent's death on "property interest transfers" made by the decedent. IC 6–4.1–2–1(a) (Burns Code Ed., Repl.1978)[4] The types of transfers which are subject to taxation are set forth in IC 6–4.1–2–4(a) as follows:

"(a) The inheritance tax applies to the following types of property interest transfers: ·

(1) Transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death;

(2) Transfers which are made in contemplation of the transferor's death;

(3) Transfers which are made in such a manner that they are intended to take effect in possession or enjoyment at or after the transferor's death;

(4) Transfers which are made in payment of a claim against the transferor's estate if:

(i) The claim results from a contract or antenuptial agreement made by the transferor; and

(ii) Payment of the amount claimed is due at or after the transferor's death under the terms of his will or the contract;

(5) Those jointly held property transfers described in section 5 [6–4.1–2–5] of this chapter;

(6) Those transfers which are made by a trust deed in the manner described in section 6 [6–4.1–2–6] of this chapter; and

(7) Those transfers which are made to an executor or trustee in the manner described in section 7 [6–4.1–2–7] of this chapter."

Therefore, under the broad and encompassing definition of "transfer," if Lucile had a property interest at her death in the trust corpus, a liability for inheritance tax would accrue. Thus the crucial issue is whether Lucile at her death had a property interest in the trust corpus.

The Indiana inheritance tax statutes do not specifically define the term "property interest." We must therefore resort to the common law to determine if the rights and powers Lucile had over the trust constituted a property interest.

■ It is well established in Indiana that an express life estate is not enlarged into a fee simple estate by the addition of a power to dispose of the fee. *Rinkenberger v. Meyer,* (1900) 155 Ind. 152, 56 N.E. 913; *Mulvane v. Rude,* (1896) 146 Ind. 476, 45 N.E. 659; *Osborn v. Osborn,* (1954) 124 Ind.App. 295, 116 N.E.2d 653; *Wible v. Hunt,* (1951) 121 Ind.App. 130, 98 N.E.2d 235; *Foudray v. Foudray,* (1909) 44 Ind.App. 444, 89 N.E. 499.

■ Lucile's power to invade and exhaust the corpus was an *inter vivos* general power of appointment. *See Irwin Union Bank and Trust Co. v. Long,* (1974) 160 Ind.App. 509, 312 N.E.2d 908. The creation of a power of appointment does not vest in donee any property right or interest in the appointive property. The power is merely a delegation of authority to act for the donor

---

4. IC 6–4.1–2–1(a) provides:

"(a) An inheritance tax is imposed at the time of a decedent's death on certain property interest transfers made by him. The transfer of a property interest is subject to the tax if:

(1) The property transferred is described in:

(i) Section 2[6–4.1–2–2] of this chapter if the property is transferred by a resident decedent; or

(ii) Section 3[6–4.1–2–3] of this chapter if the property is transferred by a nonresident decedent;

(2) The transfer is described in section 4 [6–4.1–2–4] of this chapter; and

(3) Neither the transfer nor the property is exempt from the inheritance tax under IC 6–4.1–3 [6–4.1–3–15]."

in the disposition of the donor's property. The donee of a general power of appointment does have the ability to make the appointive property her own by the exercise of the power but, until such power is exercised in favor of the donee, the property remains the property of the donor, not the donee. *Indiana Department of Revenue, Inheritance Tax Division v. Monroe County State Bank*, (1979) Ind.App., 390 N.E.2d 1104; *Irwin Union Bank and Trust Co.*; 2B Henry's Probate Law and Practice § 41 (7th Ed. 1979).

Based on these authorities, we conclude Lucile did not have a property interest at her death in the trust corpus by virtue of her life interest in the income of the trust coupled with an *inter vivos* power of appointment.

Issue III

The Department further argues the partial exercise of the power appointing the property to her own estate constituted a taxable transfer.

■ Generally, the exercise of a power of appointment is not a taxable event because the donee has no property right in the corpus and because the legislature has chosen to exclude the exercise as a taxable event.[5] *Indiana Department of Revenue, Inheritance Tax Division v. Monroe County State Bank.*

The Department argues the appointment to the donee's estate should be an exception to the general rule. We are unpersuaded.

■ The interests or estates created by the exercise of a power of appointment take effect as if created by the instrument conferring the power. The appointee takes title from the donor, not the donee. The donee is merely the conduit through which the appointive property passes. 72 C.J.S. *Powers* § 50 (1951) Although the donee may appoint the property to his estate, those who receive the property or benefit by the appointment take from the donor. *Curtis v. Commissioner of Corporations and*

*Taxation*, (1959) 340 Mass. 169, 163 N.E.2d 151; Restatement of Property § 333 (1940).

■ We therefore conclude the trial court was correct in not imposing inheritance tax upon the trust corpus.

Judgment affirmed.

MILLER, sitting by designation, and SULLIVAN, JJ., concur.

---

**5.** This conclusion is reached on the basis that in 1929 the legislature repealed a provision in the inheritance tax statute which specifically deemed an exercise of power of appointment a taxable event.