INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

ESTATE OF Lola B. HUNGATE, Deceased, Appellee (Respondent Below).

No. 1–481A115.

Court of Appeals of Indiana, First District.

Oct. 1, 1981.

Transfer Denied Nov. 6, 1981.

Linley E. Pearson, Atty. Gen., Wm. Eric Brodt, Deputy Atty. Gen., Indianapolis, for appellant.

Arthur W. Banta, Geoffrey P. Gooch, Krieg, Devault, Alexander & Capehart, Indianapolis, for appellee.

ROBERTSON, Judge.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the decision finding that the assets of a trust were not included in the estate of Lola B. Hungate (Hungate).

We reverse.

Hungate was the beneficiary of a trust established by her husband, Vivian Beryl Hungate, in his will. The trust gave Hungate a general power of appointment as well as the right to invade the corpus of the trust. The relevant portions of the trust provided:

(3) I hereby give to my wife a complete and unconditional power of appointment with respect to the corpus of Trust A exercisable by her alone and in her sole discretion during her lifetime. Such power of appointment may be used by my wife to appoint the corpus or any portion thereof from time to time at any time during her lifetime to herself or to any person, firm or corporation of her choice.

(4) Upon the death of my wife, my Trustee shall pay all income accrued prior

to her death to her personal representative, and my Trustee shall pay over and distribute such part, parts of all of the then remaining corpus of Trust A, free of all trust, to such person, firm or corporation, including my wife's estate, as my wife may appoint by her Last Will and Testament, whether such Will of my wife be executed either before or after my death provided, however, such Will shall specifically refer to the power herein created.

Hungate exercised her power of appointment in favor of her estate. The trial court, relying on the decision of *State of Indiana, Department of Revenue, Inheritance Tax Division v. Monroe County State Bank*, (1979) Ind.App., 390 N.E.2d 1104 (hereinafter cited as *Monroe County State Bank*), found that the assets of the trust were not to be included in the estate of Hungate.

The Department raises two issues on appeal: whether the donee of an unconditional power of appointment and a right to invade the corpus has substantial ownership in the trust property, and whether the exercise of a power of appointment in favor of one's estate renders the trust corpus a taxable asset of her estate. Hungate argues that the cases of *Monroe County State Bank, supra*, and *Matter of the Estate of Martindale*, (1981) Ind.App., 423 N.E.2d 662, are controlling.

The inheritance tax on a resident decedent is imposed pursuant to *Ind.Code 6–4.1–2–2*. This section provides:

The inheritance tax applies to a property interest transfer made by a resident decedent if the interest transferred is in:

(1) Real property located in this state;

(2) Tangible personal property which does not have an actual situs outside of this state; or

(3) Intangible personal property regardless of where it is located.

The Department argues that the inheritance tax should be imposed on the trust assets pursuant to *Ind.Code 6–4.1–2–4(a)(1)* and (3). This section states:

The inheritance tax applies to the following types of property interest transfers:

(1) Transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death; ...

(3) Transfers which are made in such a manner that they are intended to take effect in possession or enjoyment at or after the transferor's death;

The exercise of a power of appointment is a transfer within the provisions of IC 6–4.1–2–4(a)(1) and (3). *Monroe County State Bank, supra*. The Indiana inheritance tax laws are "ownership" statutes which require that there must be a "(1) transfer from the decedent (2) of an interest in property which the decedent owned at death" before the tax is imposed. *Matter of Estate of Bannon*, (1976) 171 Ind. App. 610, 613, 358 N.E.2d 215, 217. The essential question which must be resolved is "whether the decedent had an interest in the property which passed to the beneficiary upon his death." *Id.* at 614, 617, 358 N.E.2d 215.

This question was recently addressed by the second district of this court which found that a general power of appointment coupled with a right to invade the corpus did not constitute a property interest and that the exercise of the power of appointment in favor of one's estate is not a taxable asset of the estate. *Matter of Estate of Martindale, supra*. In this opinion, the court found that Martindale did not have a property interest in the trust corpus because a life estate is not enlarged into a fee simple by the addition of the power to dispose of the fee and that the creation of a power of appointment does not vest the donee with any property interest in the appointive property. The court also held that the appointment to the donee's estate was not taxable because the appointee was receiving title from the donor and not the donee. We cannot agree with the conclusions reached by our brethren in *Matter of the Estate of Martindale, supra*.

The leading case on the taxability of general powers of appointment is *Monroe*

*County State Bank* where it was held that a general power of appointment is not taxable in the estate of a donee. In that opinion, this court stated:

> Under this test, the most that the decedent could pass under the power that she actually enjoyed during her life was the right to receive the income from the corpus. The decedent had no property right in the corpus which she could enjoy during her lifetime, although she did have the right to choose the beneficiary of the corpus effective at her death.

390 N.E.2d at 1106.

Hungate however, possessed more than a general power of appointment. She had the right to utilize the corpus or any portion thereof at "her sole discretion" during her lifetime. The rationale of *Monroe County State Bank* is limited to situations where the decedent had no right to invade the corpus. In *Matter of the Estate of Newell*, (1980) Ind.App., 408 N.E.2d 552, this court found that a donee who had a right to the income from a trust, a general power of appointment, and a right to invade the trust corpus, did not have a limited or contingent interest in the trust.[1] The court stated:

> While Mrs. Newell may never actually consume the trust corpus, it is unquestionably at her unrestricted disposal. Therefore, we believe the trial court erroneously categorized Mrs. Newell's interest in the trust to be a contingent or limited interest absent an effective renunciation.

408 N.E.2d at 556.

██ A trust is a legal relationship between one person possessing equitable ownership in the property and another person owning the legal title to the property. 76 Am.Jur.2d § 2, Trusts (1975). Hungate possessed an equitable ownership in the corpus by her right to consume it. Inheritance tax is imposed upon the property interests of the decedent. IC 6–4.1–2–2. We believe

that Hungate's power to enjoy the corpus during her lifetime coupled with her general power of appointment constituted a property interest subject to inheritance tax because otherwise the legal form of the trust would control the substance of her rights to consume the corpus.

██ The trial court found that Hungate's exercise of the power of appointment in favor of herself was not a taxable event. We believe the trial court erred in this determination. The interest created by the exercise of a power of appointment is effectuated by the instrument creating the power, such that the appointee derives his title through the donor, not the donee. *Matter of the Estate of Martindale, supra.* Hungate was not merely a donee, but in fact was the appointee, because she designated her estate to be the recipient of the trust corpus. Where a power of appointment is exercised, the property passes to the appointee. 62 Am.Jur.2d § 78 Powers (1972). Hungate received no title through herself as a donee, however, she received the title through the donor, Vivian Beryl Hungate, when she named herself the appointee. The exercise of the power of appointment to herself, vested title in her estate, and therefore, the trust corpus should be included in her estate.

The judgment is reversed and remanded for proceedings not inconsistent with this opinion.

NEAL, P. J., and RATLIFF, J., concur.

---

1. In *Matter of the Estate of Martindale*, the court distinguished *Newell* because it involved the valuation of a beneficiary's interest in a testamentary trust from a donor. Although

this distinction is correct, we believe that the language in *Newell* regarding the interest of a beneficiary is relevant.