INDIANA DEPARTMENT OF STATE
REVENUE, INHERITANCE TAX
DIVISION, Appellant,

v.

ESTATE OF Lola B. HUNGATE,
Deceased, Appellee.

Nos. 982S374, 1–481A115.

Supreme Court of Indiana.

Sept. 28, 1982.

Linley E. Pearson, Atty. Gen., Wm. Eric Brodt, Alembert W. Brayton, Deputy Attys. Gen., Indianapolis, for appellant.

Arthur W. Banta, Anthony W. Mommer, Krieg DeVault Alexander & Capehart, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the First District, Indiana Court of Appeals. The Shelby Circuit Court held that the assets of a trust were not in the estate of Lola B. Hungate. The Court of Appeals, First District, reversed the decision of the trial court. *Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Hungate,* (1981) Ind.App., 426 N.E.2d 433.

Transfer is sought by the appellee pursuant to Ind.R.App.P. 11(B)(2)(c), alleging that the decision in this case conflicts with the decision of the Court of Appeals, Second District, in *Matter of Estate of Martindale,* (1981) Ind.App., 423 N.E.2d 662. The two issues in conflict, presented for our review, are: 1) whether the donee of an unconditional power of appointment and a right to invade the corpus has substantial ownership in the trust property; and, 2) whether the exercise of the power of appointment in favor of the donee's estate renders the trust property a taxable asset of the estate. Because of the substantial conflict between these two opinions, we grant transfer to resolve the issues in conflict and accordingly vacate the opinion of the Court of Appeals.

The facts and circumstances of this cause were well enumerated in the Court of Appeals opinion and we adopt that portion of the opinion and incorporate it herein as follows:

"Hungate was the beneficiary of a trust established by her husband, Vivian Beryl Hungate, in his will. The trust gave Hungate a general power of appointment as well as the right to invade the corpus of the trust. The relevant portions of the trust provided:

(3) I hereby give to my wife a complete and unconditional power of appointment with respect to the corpus of Trust A exercisable by her alone and in her sole discretion during her lifetime. Such power of appointment may be used by my wife to appoint the corpus or any portion thereof from time to time at any time during her lifetime to herself or to any person, firm or corporation of her choice.

(4) Upon the death of my wife, my Trustee shall pay all income accrued prior to her death to her personal representative, and my Trustee shall pay over and distribute such part, parts of all of the then remaining corpus of Trust A, free of all trust, to such person, firm or corporation, including my wife's estate, as my wife may appoint by her Last Will and Testament, whether such Will of my wife be executed either before or after my death provided, however, such Will shall specifically refer to the power herein created.

Hungate exercised her power of appointment in favor of her estate. The trial court, relying on the decision of *State of Indiana, Department of Revenue, Inheritance Tax Division v. Monroe County State Bank*, (1979) Ind. App., 390 N.E.2d 1104 (hereinafter cited as *Monroe County State Bank*), found that the assets of the trust were not to be included in the estate of Hungate."

423 N.E.2d at 433–34.

The Court of Appeals held in *Hungate* that Mrs. Hungate's power to enjoy the trust corpus during her lifetime coupled with her general power of appointment constituted a property interest, and that the exercise of the power of appointment in favor of Mrs. Hungate's estate rendered the trust corpus a taxable asset of her estate.

*Martindale, supra,* was decided by the Second District Court of Appeals and with virtually the same set of facts, came to an opposite conclusion on the two issues:

"Lucile's power to invade and exhaust the corpus was an *inter vivos* general power of appointment. *See Irwin Union Bank and Trust Co. v. Long*, (1974) 160 Ind.App. 509, 312 N.E.2d 908. The creation of a power of appointment does not vest in donee any property right or interest in the appointive property. The power is merely a delegation of authority to act for the donor in the disposition of the donor's property. The donee of a general power of appointment does have the ability to make the appointive property her own by the exercise of the power, but, until such power is exercised in favor of the donee, the property remains the property of the donor, not the donee. *Indiana Department of Revenue, Inheritance Tax Division v. Monroe County State Bank*, (1979) Ind.App., 390 N.E.2d 1104; *Irwin Union Bank and Trust Co.;* 2B Henry's Probate Law and Practice § 41 (7th Ed. 1979).

Based on these authorities, we conclude Lucile did not have a property interest at her death in the trust corpus by virtue of her life interest in the income of the trust

coupled with an *inter vivos* power of appointment.

Issue III

The Department further argues the partial exercise of the power appointing the property to her own estate constituted a taxable transfer... We are unpersuaded.

The interests or estates created by the exercise of a power of appointment take effect as if created by the instrument conferring the power. The appointee takes title from the donor, not the donee. The donee is merely the conduit through which the appointive property passes. 72 C.J.S. *Powers* § 50 (1951) Although the donee may appoint the property to his estate, those who receive the property or benefit by the appointment take from the donor. *Curtis v. Commissioner of Corporations and Taxation,* (1959) 340 Mass. 169, 163 N.E.2d 151; Restatement of Property § 333 (1940).

We therefore conclude the trial court was correct in not imposing inheritance tax upon the trust corpus."

423 N.E.2d at 665–66.

We hold that the majority in *Hungate* is correct in its resolution of these issues and the decision of the Second District Court of Appeals in *Martindale* is in error.

*Martindale* relied on *State of Indiana, Department of Revenue v. Monroe County State Bank,* (1979) Ind.App., 390 N.E.2d 1104. This latter case was also decided by the First District Court of Appeals and was authored by Judge Robertson, the same judge that authored the opinion in *Hungate.* Judge Robertson correctly distinguished the fact situation in *Monroe County State Bank* from the fact situations presented in *Hungate* and *Martindale.*

In *Monroe County State Bank,* the decedent had a right to receive the income from the corpus of the trust but had no right to invade the corpus. She did have the right, effective at her death, to choose the beneficiary of the corpus. The decedent, therefore, had no property right in the corpus which she could enjoy during her

lifetime. In the present case, under the terms of her husband's will, Lola Hungate had a complete and unconditional power of appointment with respect to the corpus of trust A, exercisable by her alone and in her sole discretion during her lifetime and also at her death. Such power of appointment could be used by Lola Hungate to "appoint the corpus or any portion of it from time to time at any time during her lifetime" or at her death, to herself, her estate, or to any person, firm or corporation of her choice. The Court of Appeals was correct in ruling that "Hungate possessed an equitable ownership in the corpus by her right to consume it."

The inheritance tax on a resident decedent is imposed pursuant to Ind.Code § 6–4.1–2–2 (Burns Repl.1979). This section provides:

"The inheritance tax applies to a property interest transfer made by a resident decedent if the interest transferred is in:

(1) Real property located in this state;

(2) Tangible personal property which does not have an actual situs outside this state; or

(3) Intangible personal property regardless of where it is located."

Ind.Code § 6–4.1–2–4(a)(1) and (3) provides the following:

"The inheritance tax applies to the following types of property interest transfers:

(1) Transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death; . . .

(3) Transfers which are made in such a manner that they are intended to take effect in possession or enjoyment at or after the transferor's death;"

We agree with Judge Robertson's interpretation of these statutes:

"The exercise of a power of appointment is a transfer within the provisions of IC 6–4.1–2–4(a)(1) and (3). *Monroe County State Bank, supra.* The Indiana inheritance tax laws are 'ownership' statutes which require that there must be a '(1) transfer from the decedent (2) of an

interest in property which the decedent owned at death' before the tax is imposed. *Matter of Estate of Bannon,* (1976) 171 Ind.App. 610, 613, 358 N.E.2d 215, 217. The essential question which must be resolved is 'whether the decedent had an interest in the property which passed to the beneficiary upon his death.' Id. at 614, 617, 358 N.E.2d 215."

*Matter of Estate of Bannon, supra,* was also decided by the First District and correctly established the "ownership" theory in our inheritance tax statutes:

"We are of the opinion that our statute, on the whole, utilizes the 'ownership' theory. In each of the transfers specifically enumerated by the statute the decedent retained some control over the property. *See State Department of Revenue, Inheritance Tax Division v. Estate of Powell* (1975), [165] Ind.App. [482], 333 N.E.2d 92. Furthermore, the 'ownership' test reflects a basic distinction which underlies our inheritance tax system. The inheritance tax is directed toward transfers of property by will, by intestate succession, and by other such transfers that substitute for testamentary depositions. The death tax is not intended to apply to absolute *inter vivos* gifts. *Armstrong v. State ex rel. Klaus* (1919), 72 Ind.App. 303, 120 N.E. 717. The only meaningful distinction between an *inter vivos* gift and a testamentary gift is that in the latter the transferor enjoys the property throughout his life. See Note, The 'Transfer Intended' Clause in Indiana Inheritance Tax, 35 Ind.L.J. 519 (1960)."

Consistent with *Bannon,* Lola Hungate had a property right in the trust corpus which she could enjoy during her lifetime because she had the right to invade the corpus for her own benefit. Lola's testamentary power thus represented a continuance of her lifetime control over the trust assets. The same was true in *Martindale, supra.* The decedent in *Monroe County State Bank, supra,* however, did not have the requisite lifetime interest in the trust property because she had no right over the corpus while alive. This position is further

supported by the decision of the Fourth District Court of Appeals in *Estate of Newell,* (1980) Ind.App., 408 N.E.2d 552. In *Newell, supra,* the decedent established a testamentary trust in favor of his widow. The trust authorized the trustee, the Peru Trust Company, to use any or all of the corpus of the trust to pay Mrs. Newell any and all sums she might request for her care, upkeep, pleasure and any other requirements that she might call to the trustee's attention. Mrs. Newell was also given the power to remove the trustee. The Fourth District found that while Mrs. Newell might never actually consume the entire trust corpus, it was unquestionably at her unrestricted disposal. The court held that because of Mrs. Newell's "unlimited power to request any sum she desires, her right to invade and exhaust the trust corpus, and her right to change the trustee, the value of all the trust property should be included in the assessment of her beneficial interest." *Id.* at 558.

Lola Hungate was given complete and unconditional authority to invade the corpus of the trust created by her husband's will. During her lifetime and at her death she could appoint the entire corpus to herself, her estate, or to any person, firm, or corporation of her choice. Lola Hungate then possessed an ownership interest in Trust A at her death.

■ Holding as we do now that Lola Hungate had a substantial ownership interest in the trust corpus at her death, the appellee, Estate of Hungate, would still argue that the exercise of the power of appointment in favor of the decedent's estate still does not render the corpus a taxable asset of the estate. Appellee specifically points out that the legislature, in 1929, repealed the provision in the tax code which read:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

*See* 1913 Acts, Ch. 47, § 1(6), 1921 Acts, Ch. 275, § 7(6). The court in *Monroe County State Bank, supra,* properly interpreted the repeal of this statute to mean that the exercise of the power of appointment was no longer a taxable event. 390 N.E.2d at 1106. However, the trust in Lola Hungate's estate over which she held an *inter vivos* general power of appointment, was taxed not because she exercised her power of appointment but because she transferred property, by her will, over which she possessed an equitable ownership interest sufficient to make the property hers for inheritance tax purposes. Such transfers are taxable pursuant to Ind.Code §§ 6–4.1–2–4(a)(1) and (3).

■ The person who takes an interest on the exercise of a power of appointment takes it, as a general rule, under the donor of the power and not under the donee. I.L.E. Powers § 7 (1970). This common law principle is premised upon the fact that the exercise of a power of appointment is effectuated by the instrument creating the power, such that the appointee derives his title through the donor, not the donee. Usually, the donee possesses merely a power to appoint property for another and the property can pass only from the donor to the appointee, as was the situation in *Monroe County State Bank.* However, when the donee of a power of appointment possesses more than the testamentary power to appoint, and, in fact, possesses an equitable lifetime ownership interest in the property by virtue of her power to invade the corpus and to appoint the property to herself, then the property, in substance, does belong to the donee and the general common law principle does not apply.

Transfer is granted, however, the decision of the Court of Appeals is affirmed. The judgment of the trial court is reversed and

this cause remanded for proceedings not inconsistent with this opinion.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.