**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),**

v.

**ESTATE OF John M. MORRIS, Appellee (Respondent Below).**

**No. 4–285A28.**

Court of Appeals of Indiana, Fourth District.

Dec. 30, 1985.

Rehearing Denied Feb. 7, 1986.

Linley E. Pearson, Atty. Gen., Dan S. Larue, Deputy Atty. Gen., Indianapolis, for appellant (petitioner below).

Charles F. Cremer, Jr., Robert G. Zeigler, Cremer & Hobbs, Indianapolis, David C. Dale, Bluffton, for appellee (respondent below).

MILLER, Judge.

Nola J. Morris died July 29, 1977. In her will, she had created a marital trust, "Trust A," for her surviving husband, John Morris, and a "Trust B" for their daughter, Jane Morris Rumba.

John Morris had a life estate in the income from Trust A, possessed an unlimited power to invade the corpus, and a general testamentary power of appointment. John failed to invade the corpus during his lifetime, and failed to exercise his power of appointment, and so the corpus of Trust A passed to Trust B at his death according to directions in Nola's will. John's estate asserted and the trial court ruled that the above facts are insufficient to make John's interest in the Trust a taxable asset for purposes of the Indiana Inheritance Tax because no transfer from John had occurred. We agree and affirm.

## DECISION

The taxation of property interests transferred at the time of death is governed entirely by statute. *Indiana Department of State Revenue, Inheritance Tax Division v. Puett's Estate,* (1982) Ind.App. 435 N.E.2d 298. The Indiana Inheritance Tax is not a tax on property, but on the rights of the heirs to succeed to that property; the inheritance tax is levied upon the distributee's share. *Indiana Department of State Revenue, Inheritance Tax Division v. Cohen's Estate,* (1982) Ind.App. 436 N.E.2d 832.

IND. CODE 6–4.1–2–4 provides that the inheritance tax applies to the following types of property interest transfers:

(1) transfers which are made under a deceased transferor's will or under the laws of intestate succession, as a result of the transferor's death;

(2) transfers which are made in contemplation of the transferor's death;

(3) transfers which are made in such a manner that they are intended to take effect in possession or enjoyment at or after the transferor's death;

(4) transfers which are made in payment of a claim against the transferor's estate if:

(i) the claim results from a contract or antenuptial agreement made by the transferor; and

(ii) payment of the amount claimed is due at or after the transferor's death under the terms of his will or the contract;

(5) those jointly held property transfers described in section 5 of this chapter;

(6) those transfers which are made by a trust deed in the manner described in section 6 of this chapter; and

(7) those transfers which are made to an executor or trustee in the manner described in section 7 of this chapter.

It is a well established rule of statutory construction that statutes imposing taxes "are not to be extended by implication beyond the clear import of the language of the statutes in order to enlarge their operation." *Economy Oil Corp. v. Indiana Dept. of State Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215. Instead, they are to be construed strictly against the state and in favor of the taxpayer. *Id.; See also Ind. Department of State Revenue, Inheritance Tax Division* (1982), Ind. App., 435 N.E.2d 298.

In *Matter of Estate of Bannon* (1976), 171 Ind.App. 610, 358 N.E.2d 215, the court held that the Indiana Inheritance Tax Statute is based upon the ownership theory. This theory has two requirements for the imposition of inheritance tax: (1) A transfer from a decedent (2) of an interest in property which the decedent owned at death. The *Bannon* court stated "The de-

cisive question then is whether the decedent had an interest in the property which passed to the beneficiary upon his death." *Bannon,* 358 N.E.2d at 217.

The *Bannon* 2-prong test was subsequently reaffirmed in *State Dept. of Revenue v. Monroe County State Bank* (1979), 181 Ind.App. 176, 390 N.E.2d 1104. In *Monroe County* the court addressed the issue of how a power of appointment affects a person's interest in the property. A power of appointment is the authority conferred by one person upon another to select the person or persons who are to receive an estate or fund or the income therefrom. *See, Irwin Union Bank and Trust Company v. Long* (1974), 160 Ind.App. 509, 312 N.E.2d 908. A general power of appointment is one that can be exercised in favor of anyone whom the donee may select. *Id.* In *Monroe County,* a surviving spouse "was given a life estate or the right to the income from the corpus for life. This was coupled with a general power of appointment over the corpus, exercisable at any time, but to be implemented on her death." *Monroe County,* 390 N.E.2d at 1105.

The decedent died testate, exercising the power of appointment in her will in favor of her daughter. The court held the exercise of the power of appointment clearly effected a transfer of the type set out in IND. CODE 6–4.1–2–4(a)(1) and (3). The *Monroe County* court concluded however, that the second prong of the *Bannon* test—the ownership interest was not met because the decedent had no right to the corpus—only a life estate in the income it produced.

In 1982, the Indiana Supreme Court decided *Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Hungate* (1982), Ind., 439 N.E.2d 1148. In *Hungate,* the decedent had a complete and unconditional power to invade the corpus of the trust as well as a general testamentary power of appointment. At her death, the decedent exercised her power of appointment in favor of her own estate. The

*Hungate* court found the decedent possessed taxable interest "not because she exercised her power of appointment *but because she transferred property by her will*, over which she possessed an equitable ownership interest sufficient to make the property hers for inheritance tax purposes." *Hungate*, 439 N.E.2d at 1152. (emphasis added)

In the case at bar, John Morris possessed nearly identical powers as the decedent in *Hungate*. He had unlimited power to invade the corpus and a general testamentary power of appointment. Thus, the trial court concluded, and we agree, John Morris possessed a substantial property interest that satisfies the "ownership interest" prong of the *Bannon* test.

The difference in the case at bar is that John Morris did not exercise his power of appointment in favor of himself, his estate, or someone else. Thus, the trial court concluded that no transfer occurred and the *Bannon* test was not met because "the Trust A corpus merely flowed through John's estate to Trust B, under Nola's control." R.121.

We are compelled to agree. I.C. 6–4.1–2–4 defines those transfers that are taxable. This statute does not impose a tax unless there is some disposition on the part of the deceased. Here John Morris did not dispose of the corpus of Trust A. It simply passed to Trust B under the provision in Nola's will. There is no section of I.C. 6–4.1–2–4 that purports to tax trust property, such as here, which passes under the will of one other than the decedent. We are mindful of our rule which is to strictly construe tax statutes against the state and in favor of the taxpayer and conclude no transfer occurred. Thus, the second prong of the *Bannon* test has not been met and no inheritance tax may be imposed.

The trial court is affirmed.

YOUNG, P.J., and GARRARD, J., concur.