■ THOMAS F. MALONE, as Assignee of Queensboro Bond and Mortgage Co., Inc., Respondent, v. LOUIS CITARELLA et al., Appellants.— Appeal from so much of an order as granted respondent's motion for leave to issue execution pursuant to sections 651 and 652 of the Civil Practice Act. Order modified by striking from the first ordering paragraph the word "granted" and by substituting therefor the word "denied". As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants. The judgment was obtained by respondent's assignor in 1940 in the City Court of the City of New York, Kings County, and was assigned to respondent in 1958. A transcript of the judgment was filed in the office of the Clerk of the Supreme Court, Queens County, in March, 1958. Respondent, claiming that no prior execution had been issued and that the judgment remained unpaid and unsatisfied, made the instant motion for leave to issue execution in August, 1958. In opposition appellants denied (1) the service of the summons, (2) that they owed respondent any money, and (3) that they had knowledge of the judgment prior to April, 1958. Appellants claim that among various irregularities on the part of respondent's assignor in obtaining the judgment is the irregularity that the summons did not contain a notice that a judgment will be taken for a stated sum of money in case of default, as required by rule 46 of the Rules of Civil Practice. It is not denied that neither the notice nor the complaint was served with the alleged summons. The clerk of the court who entered the judgment was therefore without authority to do so. (Civ. Prac. Act, §§ 486, 487; *Sharp* v. *Clapp*, 15 App. Div. 445; *Everitt* v. *Everitt*, 4 N Y 2d 13, 16.) A judgment entered without authority is a nullity. (*Bouker Contr. Co.* v. *Neale*, 161 App. Div. 617, 620; *Cooper Lbr. Co.* v. *Masone*, 286 App. Div. 879.) Lack of jurisdiction renders the judgment utterly void and unavailable for any purpose, and the want of jurisdiction may always be set up, collaterally or otherwise. (*Kamp* v. *Kamp*, 59 N. Y. 212, 216; *Matter of Rudgers*, 250 App. Div. 359.) Respondent was not entitled to an order to issue execution as a matter of right under sections 651 and 652 of the Civil Practice Act. Satisfactory proof must be presented showing that the judgment was properly obtained and is unpaid and unsatisfied. (*Matter of Rand*, 273 App. Div. 859; *Van Decar Harmon Co.* v. *Stickles*, 48 N. Y. S. 2d 251.) The holding in *Matter of Molnar* (253 App. Div. 895) that Special Term had no discretion to deny the motion was based on judgments properly obtained. In view of the void judgment appellants were not required to move to vacate the judgment. (*Latham* v. *Edgerton*, 9 Cow. 227; *Dutton* v. *Smith*, 10 App. Div. 566; *Ferguson* v. *Crawford*, 70 N. Y. 253.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.