Anthony M. Livoti, J.
The plaintiff opposes the motion of defendant Goshen Manufacturing Co. (hereinafter “Goshen ”), to confirm the report of Honorable Samuel S. Tripp, the Special Referee of this court dated November 22, 1967, recommending the granting of its CPLR 3211 (subd. [a], par. 8) motion to dismiss the action against it for lack of jurisdiction.
It is urged on plaintiff’s behalf that this defendant was amenable to jurisdiction under CPLR 301 and 302 (subd. [a], *930 pars. 1, 2, 3, els. [i], [ii]), and that, on the authority of Pilagno v. Staiber (53 Misc 2d 858) it was properly served with process. Plaintiff’s attorney, however, has overlooked the fact that he chose section 307 of the Business Corporation Law by which to effectuate service of process on this Indiana corporation, and that the thrust of the Special Referee’s report is that failure to comply fully with the provisions of that statute renders the service jurisdictionally defective.
Since this case involves a phase of section 307 of the Business Corporation Law not heretofore construed, the following pertinent portions of the comprehensive report of the Special Referee are set forth verbatim:
“ On April 24, 1967, the defendant Goshen Manufacturing Co., an Indiana corporation, hereinafter Goshen, moved pursuant to CPLR 3211 (subd. [a], par. 8) for judgment dismissing the causes of action asserted against it on the ground that the court does not have jurisdiction over its person because it had not been licensed to do business, did not in fact do business, nor had it transacted any business in this State, having merely solicited business here through a manufacturer’s representative whose orders had to be approved in Indiana.
“According to the complaint verified November 25, 1966, plaintiff, a guest of the defendants Paratore, sustained serious personal injuries on July 2, 1966 as the result of diving into a swimming pool located on the premises of his hosts in Nanuet, New York. Although paragraph ‘ fifth ’ thereof alleged defendant Bilnor Corp. .to be the manufacturer of this ‘ swimming pool and ladder known as the “ Happy Harbor ” swimming pool ’, the proof at the hearing established that it was Goshen which manufactured wooden pool ladders in Goshen, Indiana, some of which were sold through its manufacturer’s representative, Moss, to defendants McHugh Brothers in Westchester County, New York, and that Goshen had nothing to do with the pool, its assembling, or attaching a pool ladder thereto.
“ Copies of the summons and complaint in this action were served upon Goshen by service thereof upon the Secretary of State of the State of New York on March 22, 1967, pursuant to section 307 of the Business Corporation Law. On March 27, 1967, plaintiff’s attorney mailed a copy of the summons and complaint by registered mail addressed to Goshen at 1141 Broadway, New York, N. Y. The post-office receipt thereof shows that the envelope containing the enclosures was delivered to the addressee ‘ Goshen Mfg. Co.’ at such address on March 29, 1967 and signed by Emil Moss in the space on the post-office receipt beneath the printed legend ‘Signature of Addressee’s
*931 Agent, If any After perusing the contents of this envelope, Moss sent both by ordinary mail, enclosed in a new envelope addressed to Goshen in Indiana. The papers enclosed in the original envelope sent by registered mail, and later transmitted as aforesaid by Moss, consisted solely of a copy of the summons and complaint and did not include a copy of the notice from plaintiff’s -attorney which reads as follows: ‘ please take notice that a copy of the annexed summons and complaint was duly served on the Secretary of State, pursuant to Section 307 of the Business Corporation Law on March 22, 1967.’
“In a letter dated April 25, 1967, addressed to Goshen at 1141 Broadway, New York, N. Y., copies of which were also mailed to it at Goshen, Indiana, and to its attorney, William H. Morris, Esq., 100 William Street, New York, N. Y., plaintiff’s attorney stated: 1 You were served with a summons and complaint in the above entitled action on March 22, 1967, through the office of the Secretary of State as required by Sec. 307 of the B. C. L.
‘ Your time to answer expired on April 24, 1967.
‘ Kindly advise by return mail whether or not you intend to defend this action. ’
“ There is no question that the copy of the foregoing letter addressed to Mr. Morris was received in his office on April 25, 1967 at 8:51 a.m. Also, it was not denied that the copies addressed to Goshen in Indiana and to 1141 Broadway, New York, N. Y., reached their destination.
11 Plaintiff alleged in the third paragraph of his complaint that Goshen was an Indiana corporation ‘ duly qualified to do business in the State of New York and/or transacting’ business in the State of New York ’. He produced no proof whatsoever that this defendant was qualified to do business in New York. Solely through the testimony of Moss, plaintiff sought to establish that Goshen did business here in the traditional sense and that, in any event, jurisdiction over its person was obtained by acts within the purview of paragraphs 1 and 3 of the long-arm statute. (CPLR 302, subd. [a].) # * #
“ CPLR 301 perpetuates the rule in Tauza v. Susquehanna Coal Co. (220 N. Y. 259) that the courts of New York will acquire personal jurisdiction over an unqualified foreign corporation for any cause of action asserted against it, no matter where the events occurred which give rise to the cause of action, if it is 1 doing business ’ in New York, in which case it may be served with process here or out-of-State. (Public Administrator of County of N. Y. v. Royal Bank of Canada, 19 N Y 2d 127, 130.)
‘ ‘ It cannot be said upon the proof adduced that Goshen was *932 ‘ doing business ’ here at and prior to the time of the challenged service of process upon it. It had no employees, equipment, furniture, bank account or any other property in New York nor did it have an office in that State. Moss was no more than an independent sales representative for Goshen and three other manufacturers in the same line, for all of whom he acted in his own interest. From Goshen he received a commission of 5% on orders he obtained in the territory to which he was assigned following the acceptance thereof at the factory in Indiana and shipment of the merchandise therefrom to his customers.
“ The foregoing cannot be held to establish Goshen’s presence in New York ‘ not occasionally or casually, but with a fair measure of permanence and continuity ’ (Tauza, supra, p 267). That it had a telephone listing in the Manhattan telephone directory with Moss’ office address and telephone number and its name appeared on the entrance door to his office and in the building directory thereof are not, standing alone, sufficient to meet the ‘ presence test ’ for ‘ doing business ’ in this State in the traditional sense. (Vassallo v. Slomin, 278 App. Div. 949; Harmony Music Center v. Railway Express Agency, 35 Misc 2d 18.) In any event, it was Mr. Moss who caused these listings to be made at his own expense; no one told him to make them nor prevented him from so doing — he did it because it was good for his business as sales agent for the four manufacturers represented by him.
‘ ‘ Inasmuch as Goshen was not and is not ‘ doing business ’ in New York in the traditional sense, the process served on the Secretary of State could not, in the first instance, be sent with ‘ notice thereof ’ by or on behalf of the plaintiff to Goshen ‘ by registered mail with return receipt requested ’ at the post-office address listed by Moss at his office in the Borough of Manhattan. The statute (Business Corporation Law, § 307, subd. [b], par. [2]) requires that the process, with notice thereof, be sent by registered mail, return receipt requested ‘ at [1] the post office address specified for the purpose of mailing process, on file in the department of state, or [2] 'with any official or body performing the equivalent function, in the jurisdiction of its incorporation, or [3] if no such address is there specified, to its registered or other office there specified, or [4] if no such office is there specified, to the last address of such foreign corporation known to the plaintiff. ’ Here plaintiff’s attorney unquestionably knew, since he so pleaded in the complaint, that Goshen had been incorporated in the State of Indiana. Under the foregoing priority of addresses, he was required to send a copy of the process with notice of its service on the Secretary of State to Goshen’s *933 address in Indiana, by registered mail, return receipt requested. This he failed to do.
“ The service of process on New York’s Secretary of State may have .tolled the running of the statutory period of limitation of the action since service is effected by delivery of the process to the Secretary of State, not by the registered mailing. (Gines v. Muszynski, 15 A I) 2d 435.) Such mailing, however, has been held in connection with a statute in pari materia (Vehicle and Traffic Law, § 253, formerly § 52), to constitute an additional requirement affecting the sufficiency of service thereunder, as ‘ an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney. ’ (Stewart v. Transcontinental Car Forwarding Co., 169 Misc. 427, 430, Bergan, J.) Since the mailing here did not follow the priority of addresses mandated by the statute invoked by the plaintiff, the service of process upon Goshen was jurisdictionally defective. And this defect was not cured either by the fact that Moss, upon receipt of the registered envelope on March 29, 1967, transmitted its contents by ordinary mail to Goshen in Indiana or by the letter from the plaintiff’s attorney dated April 25, 1967, likewise sent by ordinary mail to Goshen’s address in Indiana.
‘ ‘ As already noted, the service of process upon the Secretary of State is not alone sufficient for the purpose of the statute; in addition, a copy thereof accompanied by a notice that the action was commenced by such service must be sent by registered mail, return receipt requested, to the unauthorized foreign corporation. While a complaint, which is not required by the statute, gives a defendant notice of the nature of the claim to enable it to interpose defenses thereto, it does not give notice of the manner that service of process is being effected. That is the function of the notice and the statutory requirement for such notice is not an idle gesture.
“ CPLR 320 (subd. [a]) and 3012 (subd. [c]) provide that where service is made by delivering the process to the Secretary of State, the defendant is afforded 30 rather than the usual 20 days after service is complete in which to appear or answer. Subdivision (c) of section 307 of the Business Corporation Law required, prior to its amendment in some respects, effective September 1,1967 (L. 1967, ch. 725), that proof of service ‘ shall be by affidavit of compliance with this section filed, together with the process, within thirty [30] days after such service, with the clerk of the court in which the action * * * is pending. * * * If a copy, of the process is mailed in accordance with this section, there shall be filed with the affidavit of compliance *934 * # * the return receipt signed by such foreign corporation * * *. Service of process shall be complete ten [10!] days after such papers are filed with the clerk of the court. ’ The filing of proof of -compliance with the statute was not here made by the plaintiff, notwithstanding that the ‘ effect of the return receipt and the filing thereof with the County Clerk is to assure the court, before it attempts to exercise jurisdiction, that such jurisdiction has in fact been acquired.’ (Johnson v. Bunnell, 8 A D 2d 832, 833.)
“All of the foregoing make it unnecessary to consider or pass upon the impact on this case of Singer v. Walker (15 N Y 2d 443) under paragraph 1 of subdivision (a) of CPLR 302 or new paragraph 3 of that statute as amended by chapter 500 of the Laws of 1966. In addition, there was no breakdown of Goshen’s annual sales in New York in relation to its gross annual business. (See, generally, Gillmore v. J. S. Inskip, Inc., 54 Misc 2d 218; also, Hanson v. Henckla, 357 U. S. 235, 253.) Moss merely estimated Goshen’s over-all total annual gross business at $2,000,000 of which he sold 10% in his territory— Eastern Pennsylvania, New Jersey, New York up to the City of Rochester and all of New England. This amounted to ‘ approximately $200,000 some-odd; $225,000, $240,000.’ Of this sum, in the neighborhood of $35,000-$40,000 was for an average of 1,500 to 2,000 pool ladders which he sold annually in his territory at wholesale for $8 and $12 each, besides a $15 specialty ladder first manufactured by Goshen in 1966, which was sold after January, 1967. His commissions for the sale of all of Goshen’s products in his territory for the five-year period 1961-1966 averaged about $8,000 or $10,000 a year.
6 ‘ Inasmuch as plaintiff did not fully comply with the statutory method of service of process chosen by him, the ‘ service ’ he made was insufficient for this court to exercise its jurisdiction over Goshen’s person. (Cf. Rosman v. Clark, 27 A D 2d 839.) Goshen’s-CPLR 3211 (subd. [a], par. 8) motion should therefore be granted.”
The findings of the Special Referee are amply supported by the evidence. The court is in accord with his views and recommendations and his report is in all respects confirmed.
It should be noted, however, in connection with the filing of proof of compliance with the statute (Johnson v. Bunnell, supra), that it has been held that where service of process has actually been made in accordance with section 307 of the Business Corporation Law, failure to timely .file proof of service is a procedural rather than a jurisdictional defect. (Sassand-Ilic v. Calzaturificio San Giorgio, 51 Misc 2d 553.) Had.the plaintiff *935 otherwise complied with the statute, the court might, under the provisions of CPLR 2004, extend the time limit for filing proof of service by affidavit. Plaintiff, however, has not fully complied with the statute, thereby rendering the purported service jurisdictionally defective. Accordingly, Goshen’s motion to dismiss the action against it for lack of jurisdiction is granted.