■ MARGARET HOERNING, as Administratrix of the Estate of JACOB HOERNING, Also Known as HARRY HOERNING, Deceased, Respondent, v STIHL AMERICAN, INC., Appellant, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered April 12, 1978 in Greene County, which denied the motion of defendant for an order dismissing plaintiff's action for lack of personal jurisdiction and granted plaintiff's cross motion for an order permitting the plaintiff to·correct irregularities in the service on the defendant, *nunc pro tunc.* On March 16, 1975, plaintiff's husband died as the result of injuries sustained while operating a borrowed Stihl chain saw. On October 12, 1976, plaintiff's attorney wrote Stihl American, Inc. (Stihl) informing them of the incident and inquired about the possibility

of settlement. On February 28, 1977, plaintiff served a summons and verified complaint on the Secretary of State. Thereafter, a summons only, contrary to section 307 of the Business Corporation Law, was sent to defendant by certified, and not registered, mail. Subsequently, an insurance adjustor for defendant contacted plaintiff's attorney and requested that no judgment be entered until an investigation could be carried out. Several other phone calls followed. The summons and the affidavits of service were filed in the Greene County Clerk's office on May 10, 1977 after the time limitation contained in section 307 of the Business Corporation Law. The instant motion alleging a failure to comply with section 307 of the Business Corporation Law was brought by defendant to dismiss the action for lack of personal jurisdiction and plaintiff cross-moved for permission to correct the irregularities in the service, *nunc pro tunc.* Special Term denied defendant's motion and granted plaintiff's cross motion. This appeal ensued. While there were numerous failures to comply with the statute, we are of the view that they are mere irregularities and did not deprive the court of jurisdiction (see *Montana v Incorporated Vil. of Lynbrook,* 23 AD2d 585). We recently held that failure to file proof of service is an irregularity curable by motion if, under the facts, the court in the exercise of its discretion deems it best *(Reporter Co. v Tomicki,* 60 AD2d 947). We also reject defendant's contentions that failure to mail the complaint to defendant and failure to serve defendant with notice of service on Secretary of State are jurisdictional. Furthermore, if the mistake does not prejudice "a substantial right of a party", it is to be disregarded, otherwise it may be corrected, "upon such terms as are just" (2A Weinstein-Korn-Miller, NY Civ Prac, par 2001.03). Defendant does not claim prejudice. Considering the record in its entirety, we are of the view that the failures were all irregularities and, since no prejudice has been demonstrated, the order should be affirmed. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.