■ TADEUSZ ORZECHOWSKI et al., Respondents, v WARNER-LAMBERT COMPANY et al., Defendants, and BONNOT COMPANY, Appellant. (Action No. 1.) CARMEN GONZALEZ, Individually and as Administratrix of the Estate of RUBIN GONZALEZ, Deceased, et al., Respondents, v WARNER-LAMBERT COMPANY et al., Defendants, and BONNOT COMPANY, Appellant. (Action No. 2.) — In two similar actions to recover damages for personal injuries, etc., arising out of an explosion at the Long Island City manufacturing plant of the American Chicle Division of the Warner-Lambert Company, defendant the Bonnot Company appeals (1) in Action No. 2 from an order of the Supreme Court, Queens Company (Hyman, J.), dated June 26, 1981, which, in effect, denied Bonnot's motion to dismiss the complaint for lack of personal jurisdiction and permitted the plaintiffs to correct irregularities in the service of process *nunc pro tunc* and (2) in Action No. 1 from a further order of the same court, dated July 2, 1981, which, in effect, denied a similar motion by Bonnot and granted plaintiffs' cross motion to permit them to correct irregularities in the service of process *nunc pro tunc*. Orders affirmed, with one bill of $50 costs and disbursements payable to the respondents appearing separately and filing separate briefs. The two actions involved here are among the many lawsuits brought seeking damages for personal injuries or wrongful death as a result of employees being injured or killed following an explosion at a manufacturing plant of the American Chicle Division of the Warner-Lambert Company in Long Island City on November 21, 1976. These actions involve numerous corporate defendants, including the companies responsible for the manufacture and distribution of the chemical substances and equipment alleged to have caused the explosion. Plaintiffs first learned about certain potential defendants, including the appellant, as the result of depositions held in the fall of 1979. Plaintiffs used the procedures outlined in section 307 of the Business Corporation Law to effectuate service of process upon the appellant, a foreign corporation not authorized to do business in New York. Pursuant to section 307 (subd [b], par [2]) of the Business Corporation Law, personal service of the summons and complaint on the Secretary of State as an agent of the foreign corporation is deemed to be sufficient if a copy of that summons and complaint, along with a notice of service on the Secretary of State, is then mailed to the corporation by registered mail with return receipt requested. Within 30 days after the signed receipt from the registered letter is returned by the corporation, an affidavit of compliance with the service requirements of the statute, along with a copy of the summons and complaint, must be filed with the clerk of the court in which the action is pending (Business Corporation Law, § 307, subd [c], par 2). The plaintiffs in Action No. 1 served a summons and complaint on the Secretary of State on November 13, 1979. Thereafter, they mailed a copy of that summons and complaint to the appellant by registered mail, return receipt requested. The return receipt indicated that the appellant received the summons and complaint on January 3, 1980. The plaintiffs in Action No. 2 served the summons and complaint on the Secretary of State on November 20, 1979. Plaintiffs also sent a copy of the summons and complaint to the appellant by registered mail, return receipt requested. According to the return receipt, the appellant received the summons and complaint on November 20, 1979. In both actions, the appellant made similar motions to dismiss the complaint as to it for lack of jurisdiction, alleging that the plaintiffs failed to comply with the statutory requirements for service of process pursuant to section 307 of the Business Corporation Law. Plaintiffs' major error in both actions was their failure to include a notice of service on the Secretary of State with the copy of the summons and complaint served upon appellant. However, Special Term correctly denied appellant's motions to dismiss in both actions and permitted

the plaintiffs to cure the defect in the service by mailing to the appellant a notice of service on the Secretary of State *nunc pro tunc.* The omission of the notice of service on the Secretary of State was a mere irregularity which did not deprive the court of jurisdiction pursuant to section 307 of the Business Corporation Law (*Hoerning v Stihl Amer.,* 70 AD2d 696). Special Term correctly exercised its discretion to permit the plaintiffs to serve the notice on appellant *nunc pro tunc,* as appellant has failed to allege or prove prejudice by plaintiffs' omission and plaintiffs achieved substantial compliance with the other major provisions of the statute (see CPLR 305, subd [c]; 2001; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2001.03). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.