OPINION OF THE COURT
Stephen Smyk, J.
This is a motion by defendant, Toyota Motor Corporation, a Japanese corporation, for an order pursuant to CPLR 3211 (subd [a], par 8) dismissing this action as against Toyota Motor Corporation on the ground that the service of process upon defendant by registered mail in Japan was insufficient under New York law (Business Corporation Law, § 307) and under the international Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention, 20 US Treaties 361). Plaintiffs contend that service of process was properly effected under both New York and international law.
While plaintiffs have established that the summons and complaint were served by registered mail on defendant and *955 by personal service upon the Secretary of State of New York as specified in section 307 of the Business Corporation Law, they do not deny that they failed to include a notice of service on the Secretary of State when they mailed the summons and complaint to defendant. (See Business Corporation Law, § 307, subd [b].) However, where there has been substantial compliance with the other major provisions of the statute and where there is no allegation or proof of prejudice to the defendant, such an omission is a mere irregularity that does not deprive the court of jurisdiction. (See Orzechowski v Warner-Lambert Co., 91 AD2d 681.) Here, there is no allegation or proof of prejudice by defendant, and plaintiffs have substantially complied with the other major requirements for effective service, unless the jurisdiction obtained thereby is in violation of the Hague Convention.
Therefore, the court has examined the language of the Hague Convention to determine whether or not direct service by mail upon defendant in Japan is authorized. Subdivision (a) of article 10 of the Hague Convention, to which Japan apparently has not taken exception, states that the Hague Convention shall not interfere with “the freedom to send judicial documents, by postal channels, directly to persons abroad”. (Emphasis added.) Since the Hague Convention does not define this term and since there is no controlling or persuasive authority as to whether or not the term “send” means or may include service in a technical legal sense, the court has examined the intent of the parties to the Hague Convention as evidenced in its provisions and the ordinary meaning of the term. (See Maximov v United States, 299 F2d 565, affd 373 US 49; Day v Trans World Airlines, 393 F Supp 217, affd 528 F2d 31.) The ordinary meaning of the word “send” is to dispatch or transmit. Since every other provision of the Hague Convention uses the word “service” when prescribing approved methods of transmission for service (see, e.g., art 8), and since a liberal reading of “send” to include effective service of legal process would vitiate the fundamental intent of the parties to establish more formal modes of service, the court concludes that subdivision (a) of article 10 does not authorize service by mail upon the defendant in this case.
*956 Accordingly, defendant’s motion is granted on the grounds that jurisdiction was obtained in violation of an applicable international treaty. (See Low v Bayerische Motaren Werke, AG., 88 AD2d 504.)