OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Appellant, Royal Zenith Corporation, claiming that a printing press in transit to its customer had been damaged while in the custody of Container Service Company, a trucker, commenced an action for damages against Container, a foreign corporation. In accordance with Seider v Roth (17 NY2d 111), jurisdiction over Container was secured by attachment of a liability insurance policy issued to Container by respondent, Continental Insurance Company, a New York corporation. Respondent disclaimed coverage, and neither Container nor respondent appeared in defense of the action, which in 1977 proceeded to a default judgment against Container. Following the failure of either Container or respondent to satisfy the judgment, appellant commenced the instant action to enforce the judgment directly against respondent under section 167 (subd 1, par [b]) of the Insurance Law. During the pendency of this action, the Supreme Court ruled in Rush v Savchuk (444 US 320) that a Seider attachment, as the *977 basis for personal jurisdiction, was unconstitutional. Appellant thereafter sought summary judgment dismissing respondent’s defense based on its alleged disclaimer of coverage, and respondent cross-moved to dismiss the complaint, contending that the default judgment appellant sought to enforce against it was a nullity because of an absence of personal jurisdiction over Container. Special Term denied both the motion and the cross motion; the Appellate Division modified to the extent of granting respondent’s cross motion and dismissing the complaint. We now affirm.
A court is without power to render a judgment against a party as to whom there is no jurisdiction (World-Wide Volkswagen Corp. v Woodson, 444 US 286, 291), and a judgment rendered without jurisdiction is subject to collateral attack (see Gager v White, 53 NY2d 475, 488, n 9; Restatement, Judgments 2d, § 10, Comment f). Because the attachment had no válidity as a basis for personal jurisdiction over Container, it follows that the default judgment against Container is a nullity (see Kamp v Kamp, 59 NY 212, 216; Malone v Citarella, 7 AD2d 871), and may not be enforced against respondent, who stands in the shoes of Container, its insured.
Gager v White (53 NY2d 475, supra) requires no different result. In Gager, we held that a defendant brought within the jurisdiction of the New York courts by a Seider attachment, who then appeared in the action without raising an explicit jurisdictional challenge under Rush, had waived this objection. But here, neither Container nor respondent, on its behalf, participated in the action resulting in the judgment sought to be enforced. They cannot be said to have waived a jurisdictional objection based on Rush* and the default judgment thus cannot be enforced against respondent.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.

 While an objection based on lack of personal jurisdiction may be waived by failure to raise it in a motion or response (CPLR 3211, subd [a], par 8; subd [e]), respondent does not dispute personal jurisdiction in the pending action against it to enforce the default judgment, but asserts only the invalidity of the default judgment against Container, an issue which was properly raised here by the dismissal motion.