Pauline A. SMITH,
Appellant-Respondent,

v.

Sylvia Jane TISDAL,
Appellee-Petitioner.

No. 1–1284A304.

Court of Appeals of Indiana,
First District.

Oct. 22, 1985.

Katherine J. Rybak, Rick A. Cory, Legal Services Organization, Evansville, for appellant-respondent.

Jeffrey L. Biesterveld, Val J. Fleig, Fleig & Sullivan Law Firm, Petersburg, for appellee-petitioner.

ROBERTSON, Judge.

Pauline A. Smith (Pauline) brings this appeal from the denial of her Motion for

Relief From Judgment, seeking to set aside the adoption of her daughter, Donna Tisdal (Donna).

We reverse.

The facts necessary for resolution of this appeal are as follows: Donna was originally adopted within a few days of her birth in 1974 by Pauline and her husband at that time, Donald Tisdal (Donald). Donna, born and adopted in Alaska, is an Aleut Indian. Pauline is also an Aleut.

Upon Pauline and Donald's divorce in 1977, Donald was awarded custody of Donna. Pauline had limited visitation rights with Donna. About one year after the couple's divorce, Donald and Donna moved from Alaska to Indiana, where Donald had been raised. Pauline had never lived in Indiana.

Donald remarried in Indiana, and his new wife, Sylvia Jane Tisdal (Sylvia) filed a Petition for Adoption of Donna. Notice of the pending adoption was given by publication in a newspaper of general circulation in Pike County, Indiana. A decree of adoption was granted after the hearing at which Pauline was absent, on July 12, 1982.

On March 5, 1984, Pauline filed her Motion for Relief from Judgment in which she alleged that she did not receive notice of the adoption proceedings, that the adoption decree was obtained by fraud because Donald had concealed knowledge of Pauline's whereabouts, and that the child is an Aleut and her adoption is subject to the provisions of the Indian Child Welfare Act.

The trial judge denied relief, citing as justification:

... the decree of Adoption entered by this Court on July 12, 1982, was entered without the Court having knowledge, actual or constructive, that the child was an Indian child to trigger the special notice requirements of 25 U.S.C.A. § 1912; that said natural mother does not have standing pursuant to 25 U.S.C.A. § 1914 to petition this Court to invalidate the prior proceedings in that custody of the minor child was removed by the Superior Court for the State of Alaska, Third Judicial Circuit, on June 25, 1979; that said motion for relief from judgment is based on fraud and service only by publication and was filed more than one (1) year after the decree of adoption was entered.

Pauline's motion to correct errors was denied, and she perfected this appeal.

The issues presented by Pauline are as follows:

I. Do the special provisions of 25 U.S.C.A. § 1912 of the Indian Child Welfare Act regarding notice apply when the court does not have actual or constructive knowledge that the child to be adopted is an Indian child?

II. Does a non-custodial parent have standing under 25 U.S.C.A. § 1914 to petition a court to invalidate the order of adoption of an Indian child, alleging that the adoption proceedings were not in conformity with the requirements of the Indian Child Welfare Act?

III. Was Pauline's Motion for Relief from Judgment barred under Trial Rule 60(B), which requires that motions based on fraud and on service by publication only be filed within one year?

Because we reverse on grounds of state law alone, we decline to address the first two issues.

 Pauline argues that under the circumstances in this case service by publication in a Pike County, Indiana, newspaper was insufficient to confer jurisdiction of her person, and therefore the judgment is void.[1] We agree.

The Indiana Rules of Trial Procedure provide for service by publication when the

---

1. In her brief, Sylvia overlooks the essential character of Pauline's argument when she maintains that the issue of lack of personal jurisdiction was not raised in Pauline's Motion to Correct Errors and Rule 60(B) motion, and was therefore waived. Pauline has preserved the issue of lack of sufficient notice at every opportunity. Where there is insufficient service of process, the trial court does not have personal jurisdiction over the party not served. *Roberts v. Watson*, (1977) 172 Ind.App. 108, 359 N.E.2d 615.

person to be served cannot be served personally and cannot be found, has concealed his whereabouts, or has left the state. Ind. Rules of Procedure, Trial Rule 4.5; 4.9(B)(3). Trial Rule 4.13 specifies the manner in which service by publication is to be effected. That rule says in pertinent part:

> The summons shall be published ... in a newspaper authorized by law to publish notices, and published in the county where the complaint or action is filed, where the res is located, or where the defendant resides or where he was known last to reside ...

T.R. 4.13(C).

■■■ Due process requires that a party select a method of notice reasonably calculated to afford the defendant actual notice and thus an opportunity to be heard. *Milosavljevic v. Brooks*, (N.D.Ind.1972) 55 F.R.D. 543. Generally, publication is not a proper means of service in actions in personam. *Id.*

While the court in *Milosavljevic* found that service by publication of the defendant was adequate, it did so under factual circumstances markedly different from those in the case at bar. In *Milosavljevic*, the defendant had left the state in which notice by publication had been attempted, and had concealed her whereabouts. The summons was published in a newspaper circulated in defendant's last known county of residence. Moreover, the plaintiffs had attempted personal service as well as service by registered mail at defendant's last known address.

The case at bar contains none of the earmarks of diligence found in *Milosavljevic*. On the record before us, it appears no effort was made to contact Pauline at her

last known address in Alaska. She had never lived in Indiana. No testimony developed at the hearing which indicated what steps Sylvia and Donald had taken to learn of Pauline's whereabouts. Rather, Pauline's uncontroverted testimony was that at the time of the hearing, she still resided at the same Fairbanks, Alaska, address which she had lived since 1977 and where Pauline and Donald had maintained their marital home.

Notice appearing in an Indiana newspaper informing Pauline of the adoption of her daughter would stand a remote chance of coming to Pauline's attention in Fairbanks, Alaska, her last known area of residence. We hold, therefore, that the publication notice in this case was not a method reasonably calculated to afford Pauline actual notice, and therefore did not render Pauline subject to the court's jurisdiction. Accordingly, the decree of adoption is void and is of no force or effect.

■■■ The trial court's denial of the motion was not based on a consideration of the merits; rather, the court found that the motion was not timely filed because under T.R. 60(B), the motion must be filed within one year after the judgment was entered if the motion is brought for reasons (3) or (4):

> (3) fraud ... misrepresentation, or other misconduct of an adverse party.[2]

> (4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings.

■■■ Since the decree of adoption is void for the reasons stated above, the Motion for Relief from Judgment may be brought within a reasonable time under T.R.

---

**2.** In her brief, Pauline contends that under the Indian Child Welfare Act, she had two years to attack the adoption decree for fraud in its procurement. We decide this case under state law, and cite the following pertinent language of T.R. 60(B):

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court.

Although Pauline fails to address the issue of the timeliness of her T.R. 60(B) motion based on fraud alone, we note, without deciding the merits of her allegations, that the motion is based on an independent action for fraud in procurement of the adoption, and may be brought more than one year after the judgment. *See Caley v. Lung*, (1971) 257 Ind. 116, 271 N.E.2d 891.

60(B)(6). However, we need not remand to the lower court to determine whether the motion was filed within a reasonable time. A judgment which is void is of no force or effect, and an action may be brought to seek relief from a void judgment at any time. *State v. Lindsey*, (1952) 231 Ind. 126, 106 N.E.2d 230; *Schoffstall v. Failey*, (1979) 180 Ind.App. 528, 389 N.E.2d 361.

Judgment reversed.

RATLIFF, P.J., concurs in result.

NEAL, J., concurs.