■ JOSEPH DeMARTINO, Respondent, v AMADOR RIVERA, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated June 14, 1988, which denied his motion to vacate a judgment entered upon his default and thereupon to dismiss the complaint on the ground, inter alia, of the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the default is granted and the action is dismissed as time barred.

On September 4, 1984, a car driven by the plaintiff, Joseph DeMartino was struck by a car driven by the defendant, Amador Rivera, on a highway in New Jersey. At the time of the accident both the plaintiff and the defendant provided the police with addresses indicating New Jersey residences. Both vehicles were also registered in New Jersey.

Almost three years after the accident, the defendant, who is not fluent in English, received a series of telephone calls directing him to come to New York to get "some papers" relating to the subject accident. The caller is alleged to have repeatedly threatened that if the defendant failed to come to New York as directed he would be faced with "serious legal consequences and problems". The defendant eventually acceded to the caller's demands and, accompanied by his brother-in-law, traveled to an exit on the Staten Island Expressway as directed by the caller, where an individual in an awaiting car handed him "some papers" and $46 cash. On the defendant's return trip to New Jersey his brother-in-law informed him that the papers were a summons and complaint and advised him to send them to his insurance broker. The defendant's answer, which was served in November 1987, was rejected by the plaintiff as untimely. Thereafter, the plaintiff obtained a default judgment against the defendant. The Supreme Court denied the defendant's motion for vacatur of the default, on the ground, *inter alia,* of improper service of process, and for dismissal of the action on the ground, *inter alia,* that it was time barred under the applicable Statute of Limitations. We disagree.

It is well settled that where service of process has been improperly effected, any resulting default judgment is a nullity. This is so even where the defendant had actual notice of the lawsuit, and no meritorious defense, for in such a case, the court never had personal jurisdiction over the defendant *(Chase Manhattan Bank v Carlson,* 113 AD2d 734; *Shaw v Shaw,* 97 AD2d 403). At bar, the essence of the caller's statements was that if the defendant came to New York to receive certain papers he would thereby avoid "serious legal consequences and problems". We note that the plaintiff does not refute the defendant's allegations regarding the substance of the anonymous phone calls. Nor does the plaintiff offer any explanation as to why the defendant was given the $46 simultaneously with the service of process. It is clear that the

defendant was lured into New York on the assurance that no "serious legal consequences and problems" would befall him. Under the circumstances, service of process was procured by fraud and/or coercion and is, therefore, invalid *(see, Terlizzi v Brodie,* 38 AD2d 762). The resulting default judgment is a nullity and must be vacated *(see, Chase Manhattan Bank v Carlson, supra; Shaw v Shaw, supra).*

In addition, the plaintiff's action must be dismissed as barred by the applicable Statute of Limitations. The plaintiff's cause of action accrued in the State of New Jersey. The police report shows that the plaintiff gave his address as "270 Baldwin Road, Parsippany, N.J.". Nothing in the record suggests that he was a resident of New York at the time of the accident. In fact, the plaintiff does not challenge the defendant's allegation that he was a resident of New Jersey at the time of the accident. Rather, the plaintiff claims that he is currently a resident of Brooklyn. We find that under the facts of this case the applicable Statute of Limitations is that of the State of New Jersey *(see,* CPLR 202). Since that two-year Statute of Limitations has expired (NJ Stat Annot § 2A:14-2), the plaintiff's action is dismissed as time barred *(Antone v General Motors Corp.,* 64 NY2d 20). Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.