**TANDY COMPUTER LEASING,**
**Appellant (Plaintiff Below),**

v.

**J.L. MILAM, a/k/a John L. Milam,**
**d/b/a All City Plumbing, Appellee**
**(Defendant Below).**

**No. 49A02–8811–CV–407.**

Court of Appeals of Indiana,
Second District.

June 12, 1990.

Robert A. Garelick, Sandra L. Rothbaum, Indianapolis, for appellant.

Alberto Berrones, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Tandy Computer Leasing (Tandy), a division of Tandy Electronics Inc., appeals the adverse judgment on its complaint to enforce a default judgment it obtained in Texas against J.L. Milam, a/k/a John L. Milam d/b/a All City Plumbing (John).

We affirm in part and reverse in part.

## ISSUES

1. Whether a court may exercise personal jurisdiction pursuant to a contractual provision.

2. Whether Texas has personal jurisdiction absent the contract clause.

3. Whether the trial court erred in not awarding attorney's fees.

## FACTS

All City Plumbing is a sole proprietorship owned by Lily B. Milam. John Milam is the husband of Lily B. Milam, and was at all relevant times an authorized representative of All City Plumbing. Tandy Computer Leasing is a division of Tandy Electronics, which is owned by Tandy Corporation. Radio Shack is a division of Tandy Corporation.

John negotiated the purchase of a computer with a salesman at a Radio Shack store in Indianapolis, Indiana (Radio Shack). John executed an application for lease/credit. Radio Shack forwarded his application to Tandy in Fort Worth, Texas. After approving the application Tandy returned it to Radio Shack along with a Computer Leasing Agreement. John executed this agreement and returned it to Radio Shack which forwarded it to Tandy in Fort Worth, Texas. Tandy returned a copy of the agreement to John.

Paragraph 19 of the agreement, titled "Miscellaneous," reads:

This Lease shall not be binding or effective until signed by an officer or authorized representative of Lessor at its home office in Fort Worth, Texas and shall be deemed to have been made in Fort Worth, Texas. *Lessee hereby submits to jurisdiction of the State of Texas* (the state in which Lessor's principal place of business is located); and Lessee agrees that the venue of any action may be laid in Fort Worth, Texas (the city in which Lessor conducts its business).

Record at 101 (emphasis added).

John initially made payments by mailing checks to Tandy in Fort Worth, Texas. However, John eventually defaulted in his payments. On July 15, 1987, after John was served with a summons in Indiana but failed to appear or defend, Tandy obtained a default judgment based on the agreement against John Milam d/b/a All City Plumbing in the Tarrant County Court of Texas. Tandy filed a complaint on that judgment in the Marion County Municipal Court on November 25, 1987. John filed his answer asserting the affirmative defense of lack of jurisdiction over the person. After trial, the trial court entered judgment for Milam. Tandy appeals.

## DISCUSSION

■ John's brief was not timely filed. Ind. Appellate Rule 8.1(C). Therefore, Tandy needs only to establish prima facie error to obtain reversal of the trial court's judgment. *Brosamer v. Mark* (1989), Ind.App., 540 N.E.2d 652.

■ Article IV, section 1 of the United States Constitution provides "[f]ull faith and credit shall be given in each state to the ... judicial proceedings of every other state." However, the full faith and credit clause and 28 U.S.C. § 1738 require a sister state to afford a foreign judgment only the same effect as would the state which issued it. Thus, all foreign judgments are open to collateral attack for lack of jurisdiction of the person. *Condos v. Sun*

*State Painting, Inc.* (1983), Ind.App., 450 N.E.2d 86, 88. Furthermore, that defect need not appear on the face of the record. *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind.App. 244, 311 N.E.2d 640. However, one who raises the jurisdictional attack must rebut the presumption in favor of the validity of the sister state's judgment. *Condos.*

### I.

■ Tandy argues the trial court erred in determining a contractual provision which would allow a court to exercise personal jurisdiction over a non-resident party is *per se* invalid.

We agree. Such clauses are not *per se* invalid.

We have noted that, because the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* [ (1982), 456 U.S. 694,] 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492. For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), their enforcement does not offend due process.

*Burger King v. Rudzewicz* (1985), 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528. Thus, the Supreme Court concluded there are no due process impedi-

ments to a contractual consent to jurisdiction provision provided the agreement is, in its words, freely negotiated and the provision is not unreasonable and unjust.

■ Texas courts have not addressed the validity of consent clauses under Texas law. However, the parties assume Texas courts will follow the general view that such clauses are not *per se* invalid and may be enforced if, upon consideration of the facts of each case, they meet the *Bremen* test discussed in *Burger King*. Obviously, the test is extremely fact sensitive.[1]

Here, the *Bremen* determination was not made inasmuch as the trial court held the contractual provision invalid as a matter of law. The trial court erred in so doing. Therefore, if the Texas judgment is not otherwise enforceable, this cause must be remanded for the trial court to consider and determine whether the subject forum-selection provision was obtained through a freely negotiated agreement and is not unreasonable and unjust.

### II.

■ The second issue is whether Texas has personal jurisdiction absent the contract clause. As previously stated, article IV, section 1 of the United States Constitution (the full faith and credit clause) and 28 U.S.C. § 1738 require us to afford the Texas judgment the same effect as would Texas.[2]

Texas would not enforce this judgment because a lack of personal jurisdiction and, accordingly, we do not enforce it.

In *TM Productions, Inc. v. Blue Mountain Broadcasting Co.* (1981), Tex.Civ. App., 623 S.W.2d 427 the trial court dismissed an action over an out-of-state defendant for lack of jurisdiction over the person. Plaintiff appealed, contending the defendant's contacts with Texas were sufficient to satisfy due process. The Texas

---

1. Numerous cases discuss the weighing of specific facts to determine if such clauses are valid. *See, e.g., L.A. Pipeline Const. Co. v. Texas Eastern Prod.* (1988), S.D.Ind., 699 F.Supp. 185 (clause granting personal jurisdiction to Texas found valid); *Tandy Computer Leasing v. Terina's Pizza, Inc.* (1989), —— Nev. ——, 784 P.2d 7

(clause in lease granting personal jurisdiction to Texas not "freely negotiated"; held "unreasonable and unjust").

2. Unless, of course, the judgment violates the United States Constitution.

Civil Court of Appeals affirmed the dismissal. It stated

[T]he plaintiff's unilateral performance of the contract in Texas is not enough, even when coupled with the defendant's payments in Texas pursuant to a contract requiring such payments; defendant must also have purposely done some act or consummated some transaction in Texas. In this case the evidence establishes that defendant did nothing in Texas. Neither defendant's telephone calls to plaintiff in Texas ... nor defendant's possible mailing of the contract from Oregon to Texas ... constitutes purposeful activity of defendant in Texas, even though the contract provides that it is not effective until accepted and executed by plaintiff in Texas. The only other circumstance relied on is the provision that the contract shall be deemed entered into in Texas and shall be interpreted under the laws of Texas. The applicability of the laws of the forum to a particular dispute does not in itself give the court jurisdiction over the parties to that dispute.

623 S.W.2d 427, 433 (citations omitted). Thus the court concluded none of the foregoing circumstances, taken separately, "would suffice for personal jurisdiction." *Id.* It further determined the trial court did not err in determining the circumstances, taken together, did not satisfy due process because the defendant

did not purposely avail itself of the privilege of conducting activities in Texas, that defendant did not purposely invoke the benefits and protection of Texas laws, that defendant had insufficient minimum contacts with Texas, and that it would not be fair and reasonable to re-

quire defendant to come into Texas to defend this action.

623 S.W.2d 427, 434.

A similar result under similar facts was reached in *3–D Electric Co., Inc. v. Barnett Construction Co.* (1986), Tex.App., 706 S.W.2d 135. Barnett's contacts with Texas consisted of telephone calls, correspondence, and payments to 3–D in Texas. The contract between the parties was oral and while 3–D did some preliminary design work and gathering of information in Texas and shipped some material from Texas, all the construction work was performed out-of-state. The trial court concluded it did not have personal jurisdiction over Barnett. This decision was affirmed on appeal. The appellate court held that while Barnett was amenable to process under the Texas long-arm statute, the due process requirements of the Fourteenth Amendment would not be satisfied if Barnett were sued in Texas. The court reaffirmed earlier caselaw and held that neither the making of payments in Texas by the defendant nor unilateral activity of the plaintiff in Texas is sufficient to establish minimum contacts. "There must be some act of the defendant by which it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law." *3–D Electric* at 143.

Since Texas would not enforce this clause, neither the full faith and credit clause nor § 1738 requires its enforcement in any other state.[3] We will not enforce a judgment which is unenforceable where rendered. The trial court did not err in refusing to enforce the Texas judgment.

---

**3.** In *Condos v. Sun State Painting, Inc.* (1983), Ind.App., 450 N.E.2d 86, this court stated:

Personal jurisdiction may be exercised over a nonresident defendant only when there exists "certain minimum contacts" such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95. The test is, necessarily, fact sensitive. Among the factors considered important in applying the test is foreseeability. "But the foreseeability that is critical to due

process analysis is ... that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* (1980) 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490. *Condos* at 89. Here, the writing judge agrees with the trial court's determination the requisite minimal contacts did not exist. *But see Woodmar Coin Center, Inc. v. Owen* (1983), Ind.App., 447 N.E.2d 618; *Shotwell v. Cliff Hagan's Ribeye Franchise, Inc.* (1990), Ind.App., 553 N.E.2d 204.

### III.

Tandy argues the trial court erred in not awarding attorney's fees. Since we must remand to determine the validity of the agreement, we cannot reach the attorney's fees question.

### CONCLUSION

Because the judgment is not enforceable in the absence of the contractual consent clause, we reverse the judgment on that issue and remand the cause to the trial court to consider and determine the validity of the clause and, if necessary, the award of attorney fees.[4] The judgment of the trial court based upon non-contractual personal jurisdiction considerations is affirmed. Costs ordered one-half to Tandy and one-half to Milam.

SULLIVAN and BAKER, JJ., concur.

---

**4.** This court specifically does not retain jurisdic-