**Velma VAROZ, Appellant–Elector,**

v.

**The ESTATE OF Felix C. SHEPARD, deceased, Appellee–Estate.**

**No. 84A04–9110–CV–338.**

Court of Appeals of Indiana, Fourth District.

Jan. 23, 1992.

Robert D. Hepburn, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for appellant-elector.

Buena Chaney, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellee-estate.

CHEZEM, Judge.

## CASE SUMMARY

Appellant/elector, Velma Varoz (Varoz), appeals from the denial of her claim as surviving spouse to take against the will of Felix C. Shepard (Shepard). We reverse.

## ISSUE

Was a Colorado judgment which found a common law marriage to exist between Shepard and Varoz entitled to Full Faith and Credit?

## FACTS

Shepard died testate on November 14, 1990. His will was admitted to probate in the Vigo Superior Court, Probate Division on November 26, 1990. On March 18, 1991, Varoz filed an election to take against Shepard's will. On July 29, 1991, the District Court of El Paso County, Colorado, found Varoz and Shepard were common law husband and wife at the time of Shepard's death. On August 2, 1991, Shepard's personal representative denied Varoz's election. At a hearing on August 16, 1991, Varoz was denied surviving spouse status by the Indiana court.

## DISCUSSION AND DECISION

The trial court refused to consider the Colorado judgment because it was not exemplified as required by Ind.Code 34–1–18–7.[1] Varoz contends all that is necessary

1. "The records and judicial proceedings of the several *courts of record*, of or within the United States or the territories thereof shall be admitted in the courts within this state as evidence, by attestation or certificate of the clerk or prothonotary, and the seal of the court annexed, together with the seal of the chief justice or one or more of the judges, or the presiding magistrate of any such court, that the person who signed the attestation or certificate was, at the time of subscribing it, the clerk or prothonotary of the court, and that the attestation is in due form of law; and the records and judicial proceedings, authenticated as aforesaid, shall have full faith and credit given to them in any court within

is for the Colorado judgment to comply with Trial Rule 44(A)(1).[2] Our Supreme Court has held that T.R. 44(A)(1) provides an alternate method of authentication sufficient to certify court records for admission into evidence. *Moore v. State* (1987), Ind., 515 N.E.2d 1099. The Court has also found that strict compliance with the authentication provisions is not required where the custodian of the foreign judgment personally appears and testifies as to the authenticity. See *Mott v. State* (1989), Ind., 547 N.E.2d 261. Here, the copy of the Colorado judgment was signed by the original's custodian, certifying that it was a true and correct copy. As such the judgment satisfied T.R. 44(A)(1) and should have been considered by the trial court.

■ Article 4, Section 1, of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Here, the trial court refused to give the Colorado judgment full faith and credit because it was signed by a magistrate. The judgment of a sister state, regular and complete upon its face, is prima facie valid. *Smith v. Young* (1974), 160 Ind.App. 83, 310 N.E.2d 84. A rebuttable presumption exists in favor of the judgment's validity, and the burden of undermining the judgment is upon the defendant. *Podgorny v. Great Central Ins. Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

■ Because the trial judge was uncertain of a Colorado magistrate's authority to sign judgments, full faith and credit was refused. The trial court's action effectively placed upon Varoz the burden of showing the judgment's validity. This was error. The Colorado judgment, certified as

a true copy by the original's custodian, was entitled to a presumption of validity. The burden of showing its invalidly, by any jurisdictional defect, was upon Shepard. Here, the record is void of any evidence concerning a Colorado magistrate's authority to sign judgments. As Shepard did not rebut the judgments validity, the denial of full faith and credit was error.

The judgment is reversed and the trial court is instructed to enter an order permitting Varoz to take her statutory share against Shepard's will.

MILLER and SHIELDS, JJ., concur.

---

this state, as by law or usage they have in the courts whence taken."

**2.** "An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or any entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be

accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be make by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."