P.M.S., INC., d/b/a Band Shoppe,
Appellant–Defendant,

v.

Richard P. JAKUBOWSKI, Individually
and on Behalf of "St. Michael's
Lancers," Appellee–Plaintiff.

No. 65A01–9110–CV–316.

Court of Appeals of Indiana,
First District.

Feb. 18, 1992.

Kelly Anne Gilmore, Mattingly, Rudolph, Fine & Porter, Evansville, for appellant–defendant.

Marc Hawley, Hawley, Hudson & Almon, Mt. Vernon, for appellee–plaintiff.

BAKER, Judge.

Plaintiff-appellee Richard Jakubowski successfully sought enforcement of a New York default judgment against defendant-appellant P.M.S., Inc., d/b/a Band Shoppe (Band Shoppe). Because the default judgment is void, we reverse.

## FACTS

Band Shoppe, an Indiana corporation with offices and manufacturing facilities in Poseyville, Indiana, makes marching band equipment and distributes the equipment through catalog sales both inside and outside Indiana. Jakubowski, as representative of a band from central New York known as St. Michael's Lancers, placed an order for helmets with Band Shoppe in May of 1984. Jakubowski placed his order through a catalog containing Band Shoppe's Poseyville address and toll-free telephone number.

Dissatisfied with the helmets, Jakubowski later filed suit against Band Shoppe in the Supreme Court for Oneida County, New York. Band Shoppe was not autho-rized to do business in New York, and Jakubowski accordingly served his complaint and summons on the New York Secretary of State as Band Shoppe's statutory agent for service of process pursuant to N.Y.Bus.Corp.Law § 307 (McKinney 1986). Band Shoppe never received Jakubowski's summons and complaint or notice thereof, and the Oneida County Supreme Court granted default judgment to Jakubowski on February 28, 1989.

Sometime later in 1989, Band Shoppe learned of the default judgment through a credit report. Band Shoppe took no action, however, until Jakubowski filed the present enforcement action in Posey Circuit Court in January 1991. Both parties moved for summary judgment and, after a hearing, the trial court entered detailed findings of fact and conclusions of law, granted Jakubowski's motion, and ordered the New York default judgment enforced.[1]

Band Shoppe now appeals, and the sole issue for our review is whether the New York judgment is void for want of personal jurisdiction over Band Shoppe.[2]

## DISCUSSION AND DECISION

The United States Constitution requires state courts to give full faith and

1. Specific findings and conclusions are not required by Ind. Trial Rule 56, *In re Estate of Martindale* (1981), Ind.App., 423 N.E.2d 662, 664, *overruled on other grounds Indiana Dep't of State Revenue v. Estate of Hungate* (1982), Ind., 439 N.E.2d 1148, but neither are they prohibited. *Uhl v. Liter's Quarry of Indiana, Inc.* (1979), 179 Ind.App. 178, 181, n. 1, 384 N.E.2d 1099, 1102, n. 1 (findings were mere surplusage).

Normally, the requested entry of specific findings and conclusions triggers the appellate standard of review contained in Ind. Trial Rule 52, which requires us to reverse the trial court's judgment only if the findings or conclusions are clearly erroneous. *See Vanderburgh County Bd. of Comm'rs v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663. On the other hand, we will affirm a grant of summary judgment on any legal basis supported by the record. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, and this standard of review is unchanged by the entry of specific findings and conclusions: T.R. 52 governs only those cases which proceed to trial, not those cases disposed of in summary proceedings. T.R. 52(A). Additionally, the entry of specific findings and conclusions does not alter the nature of a summary judgment, i.e., one entered when there are no genuine issues of material fact to be resolved. *See Sekerez v. Lake County Bd. of Comm'rs* (1976), 171 Ind.App. 463, 358 N.E.2d 140.

In the summary judgment context, then, the entry of specific findings and conclusions aids our review by providing us with a statement of reasons for the trial court's actions, *see Shallenberger v. Scoggins–Tomlinson, Inc.* (1982), Ind. App., 439 N.E.2d 699, 704, but it has no other effect.

2. Unlike the appellants in the recent cases of *Harold Howard Farms v. Hoffman* (1992), Ind. App., 585 N.E.2d 18 and *Baseball Card World, Inc. v. Pannette* (1991), Ind.App., 583 N.E.2d 753, Band Shoppe presents no question concerning its amenability to suit in New York under the due process minimum contacts analysis first enunciated in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Rather, we are concerned here with the adequacy of the service of process to give the Oneida County Supreme Court personal jurisdiction over Band Shoppe in Jakubowski's original suit. *See Smith v. Tisdal* (1985), Ind. App., 484 N.E.2d 42.

credit to the judgments of the courts of all states. U.S. CONST. art. 4, § 1. An out-of-state judgment is presumptively valid, and the party attacking an out-of-state judgment bears a heavy burden to show its invalidity. *Varoz v. Estate of Shepard* (1992), Ind.App., 585 N.E.2d 31. An out-of-state judgment, however, is always open to collateral attack for want of personal or subject matter jurisdiction, *see Adoption of T.R.M.* (1988), Ind., 525 N.E.2d 298, *cert. denied sub nom. J.Q. v. D.R.L.* (1989), 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636; *Tandy Computer Leasing v. Milam* (1990), Ind.App., 555 N.E.2d 174; *Podgorny v. Great Central Ins. Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640, and a judgment void in the state where it was entered is also void in Indiana. *Cox v. First Nat'l Bank of Woodlawn* (1981), Ind.App., 426 N.E.2d 426.

New York law provides a detailed procedure for the service of process on an out-of-state corporation not authorized to do business in New York. N.Y.Bus.Corp.Law § 307 (McKinney 1986) requires service initially be made on the New York Secretary of State or the Secretary's agent at the Secretary's office in Albany, the state capital. Next, the plaintiff, plaintiff's agent, or the Secretary must serve process on the defendant personally or by certified mail with return receipt requested. The process must include notice of the service upon the New York Secretary of State and, if personal service is chosen, it must be made outside of New York. If service by mail is chosen, the plaintiff has three addresses, in order of preference, from which to choose: a) the defendant's address for service of process on file in the office of the secretary of state in the state of the defendant's incorporation, or if there is none, b) to the defendant's registered office address on file with the secretary of state in the state of the defendant's incorporation, or if there is none, c) to the last address of the defendant known to the plaintiff. N.Y.Bus.Corp. Law § 307(b)(1), (2) (McKinney 1986). Regardless of the method chosen, the plaintiff must then supply affidavits of compliance with the trial court clerk. N.Y.Bus.Corp. Law § 307(c)(1), (2) (McKinney 1986).

Here, it is uncontroverted Jakubowski took none of the required steps beyond the initial service upon the New York Secretary of State. Band Shoppe was never served. Under New York law, therefore, the Oneida County Supreme Court never acquired personal jurisdiction over Band Shoppe, and the failure to acquire jurisdiction renders the default judgment void. *Royal Zenith Corp. v. Continental Ins. Co.* (1984), 63 N.Y.2d 975, 483 N.Y.S.2d 993, 473 N.E.2d 243; *DeMartino v. Rivera* (1989), 148 A.D.2d 568, 539 N.Y.S.2d 38; *Koepke v. Bilnor Corp.* (1968), 55 Misc.2d 928, 286 N.Y.S.2d 719. As the New York Court of Appeals stated over a century ago, "[t]he want of [personal] jurisdiction makes the order and judgment of the court, and the record of its action utterly void and unavailable for any purpose, and the want of jurisdiction may always be set up collaterally or otherwise." *Kamp v. Kamp* (1874), 59 N.Y. 212, 216.[3]

---

**3.** The line of cases beginning with *Hoerning v. Stihl American, Inc.* (1979), 70 A.D.2d 696, 416 N.Y.S.2d 395, and continuing through *Orzechowski v. Warner–Lambert Co.* (1982), 91 A.D.2d 681, 457 N.Y.S.2d 323 and *Ormandy v. Lynn* (1984), 122 Misc.2d 954, 472 N.Y.S.2d 274 is inapplicable here. In each of those cases, the out-of-state corporation received some type of service, and the courts held the various plaintiffs' failure to include all the required documents was either a mere irregularity or a curable error.

The present case is more akin to *Koepke, supra,* than to any of the above cases. In *Koepke,* the New York plaintiff sought recovery for a faulty swimming pool ladder manufactured by the defendant Goshen Manufacturing Company (formerly the Goshen Churn & Ladder Company of Goshen, Indiana). The plaintiff served the New York Secretary of State and then served the required process on Goshen's independent New York Sales agent. Because § 307 requires service beyond the New York state line on the out-of-state corporation itself, and because the sales agent was neither Goshen's agent for service of process nor Goshen's employee, the court held it lacked jurisdiction over Goshen. The situation here is even more glaring than that in *Koepke;* Band Shoppe never received any type of service, whether misdirect-

Although the New York default judgment is void due to Jakubowski's failure to follow the requirements of N.Y.Bus.Corp. Law § 307 (McKinney 1986), the trial court's findings and conclusions demonstrate the trial court relied on another New York statute to enforce the default judgment. N.Y.Civ.Prac.L. & R. § 317 provides for relief from default judgments. To be entitled to relief under this section, the defaulted party must not have received personal service of process, and must seek relief within one year of learning of the default judgment, and within five years of the actual entry of default.

 Band Shoppe had known of the default judgment for over one year when Jakubowski filed this suit, but had taken no steps to protect itself under the provisions of § 317. The trial court therefore determined the default judgment was not subject to collateral attack in either Indiana or New York. This was error for the simple reason that Band Shoppe was not required to travel halfway across the country to seek relief from a *void* judgment. If, as was the case with the defendants in the *Hoerning* line of cases, Band Shoppe had received some faulty type of notice, the judgment would not be void and Band Shoppe would have been required to seek relief under § 317. If a judgment is void for want of personal jurisdiction, however, it remains void and subject to collateral attack even though the defaulted defendant does nothing to obtain relief. *See Royal Zenith Corp., supra; In re Chase Nat'l Bank* (1940), 283 N.Y. 350, 20 N.Y.S.2d 656, 28 N.E.2d 868; *Kamp, supra; Malone v. Citarella* (1959), 7 A.D.2d 871, 182 N.Y.S.2d 200. *Accord, Smith v. Tisdal* (1985), Ind.App., 484 N.E.2d 42 (an action seeking relief from a void judgment may be brought at any time).

## CONCLUSION

The default judgment is void under New York law, and therefore void under Indiana law. Accordingly, the judgment of the trial court is reversed and the cause is remanded for entry of summary judgment in favor of Band Shoppe.

RATLIFF, C.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

It is unnecessary to determine whether a New York court would hold the judgment in question to be void *ab initio* or merely voidable and subject to collateral attack. *See Trook v. Lafayette Bank and Trust Co.* (1991) 2d Dist. Ind.App., 581 N.E.2d 941.

The operative and controlling principle here, is that if a defendant to a law suit in a foreign jurisdiction never enters an appearance and judgment is entered by default, he may defeat enforcement of the judgment in Indiana by demonstrating that the foreign court lacked personal jurisdiction over him. *Tandy Computer Leasing v. J.L. Milam* (1990) 2d Dist. Ind.App., 555 N.E.2d 174. Band Shoppe did so here and, as held by the majority, is entitled to summary judgment.

---

ed, incomplete, or otherwise faulty, and the

default judgment is therefore void.