■ MERLING MARX & SEIDMAN, INC., Respondent, v REPO AUTO WAREHOUSE, INC., Appellant. — Judgment, Supreme Court, Bronx County (Santaella, J.), entered May 24, 1984 in favor of the plaintiff for $31,801.10, including interest and costs, unanimously reversed, on the law and on the facts, without costs, and defendant is permitted to serve an answer within 20 days of service on it of a copy of this court's order, with notice of entry.

In this action to recover an amount allegedly due for advertising services, plaintiff, although aware of the defendant's business address, undertook to effect service by serving the summons and complaint on the Secretary of State in Albany, New York, pursuant to section 306 of the Business Corporation Law. A default judgment was entered in the amount sought on January 12, 1984.

By order to show cause dated January 17, 1984, defendant moved pursuant to CPLR 5015 and 317 to vacate the default and to be permitted to answer the complaint, alleging that it had not been served and had received its first notice of the action when informed by a Chemical Bank branch of receipt of an information subpoena and restraining notice, and asserting several defenses to the action.

In responding papers, plaintiff acknowledged minor errors in its original papers resulting in an order by Special Term granting defendant's motion to vacate its default judgment to the limited extent of correcting the errors conceded by plaintiff, which order was followed by the entry of the judgment here appealed from. We are persuaded that the default judgment should have been vacated in its entirety and accordingly reverse.

It appears undisputed that defendant in fact did not receive notice of this action prior to the entry of the original default judgment. Although the defenses alleged by the defendant in the papers submitted on behalf of its motion to vacate the default are phrased in conclusory terms, enough appears from the record to present a question as to whether the judgment actually entered accurately reflects the amount owed. Accordingly, the default judgment originally entered should have been vacated and defendant permitted to serve its proposed answer and counterclaim as set forth in its reply papers. Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.