■ SELMA ROSEHAFT, Appellant, v EXPRESS LEASING, INC., Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered on or about September 26, 1988, which granted defendant's motion pursuant to CPLR 5015 (a) and 317 to vacate a June 17, 1987 default judgment, and pursuant to CPLR 3211 (a) (7) and 3212 and Vehicle and Traffic Law § 253 to dismiss the complaint for lack of jurisdiction and failure to state a cause of action, is unanimously affirmed, without costs.

In this action plaintiff sought to recover monetary damages for personal injuries sustained on September 6, 1985 in Bronx County, as a result of being struck by a motor vehicle alleged to have been owned by the defendant. Jurisdiction over the defendant, a nonresident Florida-based car rental agency, and a subsequent default judgment were obtained pursuant to Vehicle and Traffic Law § 253.

The record below reveals that the IAS court properly vacated the default and dismissed the complaint for lack of jurisdiction and for failure to state a cause of action.

The evidence established a lack of personal jurisdiction over the defendant, a justifiable excuse for the default, and a meritorious defense in that plaintiff established no connection between the defendant and the offending vehicle other than

the fact that a Florida license plate, which had been reported to the police as stolen from the automobile registered to the defendant several days prior to the alleged accident, had been affixed to the vehicle which struck the plaintiff.

As Vehicle and Traffic Law § 253 could not be used to obtain personal jurisdiction over the defendant, based upon the stated facts, the default judgment rendered without jurisdiction was properly vacated. (CPLR 317, 5015 [a] [4]; Vehicle and Traffic Law § 253; *Royal Zenith Corp. v Continental Ins. Co.,* 63 NY2d 975, 977 [1984]; *Taieb v Hilton Hotels Corp.,* 60 NY2d 725, 728 [1983]; *Merling Marx & Seidman v Repo Auto Warehouse,* 105 AD2d 675 [1st Dept 1984].) Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.