Sukhu v R.A.I.N. Home Attendant Servs., Inc. (2021 NY Slip Op 00098)





Sukhu v R.A.I.N. Home Attendant Servs., Inc.


2021 NY Slip Op 00098


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Kapnick, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 29437/19E Appeal No. 12814-12815N Case No. 2020-03169, 2020-02017 

[*1]Mohanie D. Sukhu, Plaintiff-Respondent,
v
R.A.I.N. Home Attendant Services, Inc., et al., Defendants-Appellants.


Milman Labuda Law Group PLLC, Lake Success (Jamie S. Felsen of counsel), for appellants.
Law Office of Andrew C. Lauffer, PLLC, New York (Andrew C. Laufer of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered January 27, 2020, which denied defendants' motion for an extension of time to respond to the complaint, unanimously reversed, on the law and the facts, without costs, and the motion granted. Order, same court and Justice, entered July 10, 2020, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants proffered a reasonable excuse for their delay in responding to plaintiff's complaint by submitting an affidavit from their President and CEO, averring that they never received a copy of the summons and complaint that was served on the Secretary of State in August 2019, and only became aware of the lawsuit in October 2019 when the summons and complaint were mailed to their former employee (see CPLR 3012[d]; Merling Marx & Siedman v Repo Auto Warehouse, 105 AD2d 675 [1st Dept 1984]). There is no evidence in the record that defendants' delay in responding to the complaint was willful, or that the three-month delay resulted in prejudice to plaintiff (see Newyear v Beth Abraham Nursing Home, 157 AD3d 651 [1st Dept 2018]; see also Nason v Fisher, 309 AD2d 526 [1st Dept 2003]).
Although defendants need not proffer a meritorious defense (see Nason at 526), the affidavit submitted in support of the motion demonstrates that plaintiff's various Labor Law claims are subject to arbitration based on a collective bargaining agreement between defendants and plaintiff's union, and the collective bargaining agreement, submitted on defendants' motion to dismiss, warrants dismissal of those claims. Defendants also persuasively argue that plaintiff lacks standing to bring a claim under Labor Law § 27-A(1)(a), as she is not a public employee. Defendants are not "employers" for purposes of this statute, as they are not a "political subdivision of the state, a public authority. . . or any other governmental agency or instrumentality thereof." Furthermore, plaintiff does not have a private cause of action under Labor Law § 661 and 12 NYCRR 142-2.6 for their alleged record-keeping violations. Neither of those statutes purports to create a private cause of action for such violations, particularly given the availability of civil remedies in other Labor Law articles (see Matter of Silvar v Commissioner of Labor of the State of N.Y., 175 AD3d 95, 105 [1st Dept 2019]). Nor did plaintiff sufficiently set forth a viable claim under the City or State Human Rights Laws. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021