AUTOMOTIVE LOGISTICS PRODUC-
TIVITY IMPROVEMENT SYS-
TEMS, INC., Plaintiff,

v.

BURLINGTON MOTOR CARRIERS,
INC., Defendant.

No. 97–CV–72941–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 24, 1997.

---

Rodger D. Young, Jeffrey M. Macy, Southfield, MI, for Plaintiff.

Robert E. McFarland of Foster, Swift, Farmington Hills, MI, Norman R. Garvin, Robert L. Browning of Scopelitis, Garvin, Indianapolis, IN, for Defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant's Motion to Dismiss or, in the alternative, to Stay the Action and Order Arbitration. Plaintiff has filed a motion in opposition asking the Court to deny defendant's motion.[1] For the reasons that follow, this Court grants defendant's Motion to Dismiss.

### Background

Plaintiff Automotive Logistics Productivity Improvement Systems, Inc. ("ALPIS") is a Michigan corporation which supplies truckload motor carrier transportation services to the automotive and other specialty markets. Defendant Burlington Motor Carriers, Inc. ("BMC") is a corporation engaged in the business of providing truckload motor carriers. On January 3, 1994, plaintiff ALPIS entered into a contract with defendant BMC for the purpose of allowing defendant to provide contract carrier transportation services to ALPIS. The contract contained a forum selection clause, choice of law provision, and a clause providing for the submission to arbitration and distributes arising out of the contract.

On June 20, 1997, plaintiff filed a complaint in this Court against defendant alleging claims for breach of contract, rescission, fraud and/or negligent misrepresentation and requesting an equitable accounting and return of accounting fees. On July 22, 1997, defendant filed an answer setting forth the affirmative defense that this Court was without jurisdiction to hear this case because of the applicability of the aforementioned clauses contained in the contract. Subsequently, on September 12, 1997, defendant filed a motion to dismiss the plaintiff's complaint or, in the alternative, to stay the action and order arbitration.

Defendant argues that this Court is without jurisdiction to hear the case because the agreement entered into by the parties contained a forum selection clause providing for the resolution of disputes in the courts of the State of Indiana. Further, defendant contends that aside from the validity of the forum selection clause, the contract also contained a provision providing for the arbitration of disputes arising out of the contract, and as such the Court should issue an order staying the present action.

Plaintiff filed a brief in opposition to defendant's motion requesting that the Court deny defendant's motion because the forum selection and arbitration clauses are part of an agreement which plaintiff contends should be rescinded in its entirety. In addition, plaintiff argues that defendant has waived its right to rely on the arbitration clause as it previously availed itself of the court system by initiating a suit for a preliminary injunction in the United States District Court for the Southern District of Indiana.

### Discussion

In order for the Court to determine the validity of the parties' forum selection clause, the Court must first address the applicability of the agreement's choice of law provision.[2] It is well settled that a federal court sitting in diversity must apply the law of the forum state and its choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie v.*

---

1. To the extent that Plaintiff's brief in opposition requests the Court to "stay consideration of this Motion until ALPIS' motion has been decided by the Indiana Federal Court" the Court will consider that issue moot as the United States District Court for the Southern District of Indiana issued an Opinion on October 3, 1997 dismissing BMC's complaint for Injunctive Relief against plaintiff ALPIS. As of the present date, there are no matters pending between plaintiff and defendant in the Southern District of Indiana.

2. The contract contains the following choice of law provision:

    The validity, enforceability, performance and construction of the terms, provisions, and conditions of the Contract shall be governed by the laws of the State of Indiana.

*Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *In re Air Crash Disaster, Detroit Metro. Airport,* 757 F.Supp. 804, 807 (1989). The Michigan Supreme Court recognizes the validity of contractual choice of law provisions if (1) there is a "reasonable relationship" between the chosen state and the transaction, and (2) its enforcement would not offend public policy considerations. *Snider v. Lone Star Art Trading Co., Inc.,* 672 F.Supp. 977, 982 (E.D.Mich.1987), *aff'd,* 838 F.2d 1215 (6th Cir.1988); *see also Parets v. Eaton Corp.,* 479 F.Supp. 512 (E.D.Mich., 1979). Although not addressed by either party, the Court will apply the aforementioned factors to the case at bar.

■ The Court is satisfied that a reasonable relationship exists between the State of Indiana and the contract at issue in the present case. Plaintiff alleges in its amended complaint that the defendant is a Delaware truckload motor carrier corporation which "has its principal place of business in Daleville, Indiana." The contract entered into by the parties sets forth the terms and conditions by which the defendant agreed to provide its carrier services to the plaintiff. Plaintiff sought the services of defendant and freely entered into a contract with a corporation having its principal place of business ii Indiana. In addition, the parties do not contend that the choice of law provision applicable in the contract contravenes any established public policy of the State of Michigan. Accordingly, the Court does not find that the provision contravenes any public policy, and finds that the choice of law provision in the agreement will be applied.

As the contract at issue in the present case contains a clause setting forth that any terms and conditions of the contract shall be construed in accordance with the laws of the State of Indiana, the Court shall apply Indiana law to interpret the validity of the forum selection clause. In construing the validity of a forum selection clause, the Supreme Court has stated that such clauses arc "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32

L.Ed.2d 513 (1972). Further, Indiana courts in determining whether a particular forum-selection provision is enforceable evaluate "whether the subject forum-selection provision was obtained through a freely negotiated agreement and is not unreasonable and unjust." *Tandy Computer Leasing v. Milam,* 555 N.E.2d 174, 176 (Ind.App.1990). The Court will apply the foregoing standard to the case at bar.

■ The first element of the *Tandy* test requires the Court to consider whether the provision was freely negotiated. "The consideration of whether a contract is freely negotiated involves a comparison of the bargaining position of the parties to the contract." *Horner v. Tilton,* 650 N.E.2d 759, 763 (Ind.App.1995). In the present case, the contract appears to be entered into by two corporations of relatively equal bargaining power. The Court employs the term "relatively" because it believes that if any disparity of bargaining power exists it is in favor of the plaintiff. Plaintiff acknowledges in its first amended complaint that by entering into business with ALPIS, defendant "benefitted" because of plaintiff's affiliation with the Ford Motor Company. Arguably, at the time in which the contract was contemplated, ALPIS had the superior bargaining position because of its already existing relationship with Ford. In any event, neither party contends that any disparity in bargaining power existed between the two parties, and the Court is satisfied that none existed.

■ The second portion of scrutiny under the *Tandy,* test requires a court to assess whether the forum selection clause itself is reasonable and just. The contract entered into by plaintiff and defendant contained the following clause,

> No claim, demand, action, proceeding, arbitration, litigation, hearing, motion or lawsuit arising therefrom or with respect hereto shall be commenced or prosecuted in any jurisdiction other than the State of Indiana, and any judgment, determination, finding or conclusion reached or rendered in any other jurisdiction shall be null and void between the parties hereto.

Plaintiff, in its response to the defendant's motion, does not set forth any claim that the clause itself is manifestly or unreasonably unjust. The Court does not find that the clause itself contains any terms or conditions which if applied would result in any unfairness or be manifestly unjust.

■ Finally, the Court addresses plaintiff's final argument that the forum selection clause is invalid because the entire contract in which it is contained is the product of fraud and/or misrepresentation on the part of defendant. Plaintiff argues that existing Supreme Court precedent after *The Bremen* decision holds that a party seeking rescission of a contract may also seek to rescind the forum selection clause contained in that contract. Plaintiff's argument is without merit because it misconstrues the Supreme Court's holding in *The Bremen*. The Supreme Court in *Scherk v. Alberto/Culver Company* construed the Court's holding in *The Bremen* as follows,

> In *The Bremen* we noted that forum selection clauses "should be given full effect" when "a freely negotiated private international agreement [is] unaffected by fraud...." 407 U.S., at 12, 13, 92 S.Ct., at 1914, 1915. This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud ... the clause is unenforceable. Rather it means that an arbitration or forum-selection clause in a contract is not enforceable *if the inclusion of that clause in the contract* was the product of fraud or coercion.

417 U.S. 506, 520 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974) *reh'g denied* 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974). Plaintiff incorrectly construes the Court's holding to state that an allegation of fraud as to the entire contract is sufficient to invalidate the forum selection clause. Under the Supreme Court's holding in *Scherk*, the allegation fraud must relate to the inclusion of the forum selection clause itself in the contract. Plaintiff makes no such argument that the inclusion of the forum selection clause here was the product of fraud and/or misrepresentation.

The Court finds that the forum selection clause contained in the contract signed by plaintiff and defendant is valid and enforceable and the proper forum in which to bring this action is a court in the "jurisdiction" of the State of Indiana. Therefore, the Court dismisses the plaintiff's complaint.

An order consistent with this opinion shall issue forthwith.